**UNITED STATES of America**

v.

**Jasper Frank MALLISON, Defendant.**

**Cr. No. 44699.**

United States District Court
E. D. New York.

May 28, 1957.

Jasper F. Mallison, pro se, for defendant.

Leonard P. Moore, U. S. Atty., by Frances Thaddeus Wolff, Asst. U. S. Atty., Brooklyn, N. Y., for the United States.

RAYFIEL, District Judge.

On November 20, 1956 a two-count indictment was filed in the office of the Clerk of this Court, each count charging the defendant with possessing and transporting, on a date therein named, a certain quantity of distilled spirits in immediate containers on which there was no stamp evidencing the payment of the tax, as required by law, in violation of Section 5008(b) (1) of Title 26 United States Code.

On January 22, 1957 the defendant, represented by counsel, appeared before Hon. Mortimer W. Byers, U. S. District Judge, and, after having been fully informed of his rights, pleaded guilty to Count 1 of the indictment. Imposition of sentence was set for February 21, 1957, but on that date the defendant asked for and obtained leave to withdraw his plea and enter a plea of not guilty.

The trial of the case commenced on March 11, 1957 and terminated on March 14, 1957, when the jury returned a verdict of guilty as to Count 1 and not guilty as to Count 2. The defendant was represented by able and experienced counsel.

On April 4, 1957 this Court sentenced the defendant to imprisonment for a term of eighteen months. Subsequent to the imposition of sentence the defendant wrote a number of letters to the Court, containing, among other things, a request for the reduction of the sentence imposed upon him. One such letter was received by me on April 19, 1957, simultaneously with a motion under Section 1915(a) of Title 28 United States Code, for leave to appeal in Forma Pauperis from the aforementioned judgment of conviction.

Several agents attached to the Treasury Department, as well as members of the Police Department of the City of New York, testified at the trial in behalf of the Government. The defendant testified in his own behalf. Appropriate instructions were given to the jury, which must have given careful consideration to its duties, for it acquitted the defendant of the charges involved in the second count of the indictment. Counsel for the defendant expressly stated that he had no exceptions to the Court's charge. The jury apparently believed, as the Court did, that the defendant's version of the occurrences involved in the case

was unworthy of belief. Its verdict was amply justified by the evidence. It may be added that the defendant had been convicted of similar offenses on at least two previous occasions. I am convinced that the defendant had a fair trial.

It is my belief, and I therefore certify, that the defendant's appeal is entirely without merit, frivolous, and not taken in good faith.

Accordingly, the motion for leave to appeal in Forma Pauperis is denied.