**UNITED STATES of America,**
**Appellee,**

v.

**Jasper Frank MALLISON, Defendant-**
**Appellant.**

**No. 24709.**

United States Court of Appeals
Second Circuit.

Argued Nov. 12, 1957.

Decided Dec. 30, 1957.

Whitney North Seymour, Jr., New York City (Florence M. Kelley, of The Legal Aid Society, New York City, on the brief), for defendant-appellant.

Frances Thaddeus Wolff, Asst. U. S. Atty., E.D.N.Y., Brooklyn, N. Y. (Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., on the brief), for appellee.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and LEIBELL, District Judge.

CLARK, Chief Judge.

■ This is a motion for leave to appeal *in forma pauperis.* After trial to a jury, defendant was convicted of illegal possession and transportation of distilled spirits in violation of 26 U.S.C. § 5008 (b) (1), and was sentenced to imprisonment for eighteen months. On the day of sentencing his attorney died. The following day he moved for leave to appeal *in forma pauperis.* This motion was made without the assistance of counsel and was denied, the trial judge certifying that "the defendant's appeal is entirely without merit, frivolous, and not taken in good faith." D.C.E.D.N.Y., 151 F. Supp. 705, 706. Defendant then applied to this court for leave to appeal *in forma pauperis* and for assignment of counsel.

We appointed counsel to present the motion, as required by Johnson v. United States, 352 U.S. 565, 77 S.Ct. 349, 1 L.Ed.2d 363, and ordered a complete transcript of the minutes for him at government expense.

Although defendant should have had counsel to present his motion to the district court, a reversal on this point alone is purposeless and unnecessary where, as here, counsel has been provided, the minutes have been completely transcribed with no cost to the accused, the case has been heard without prepayment of fees, and both parties have presented to us all their contentions on the merits of the case in chief, as well as on this motion. We therefore shall not reverse and remand for that reason, but shall proceed to a consideration of the merits as though appeal had been fully taken and allowed.

The points urged in support of this motion relate to certain incidents and rulings made in relation to testimony offered at the trial. Defendant charges that improper testimony was given by government witnesses and that there was improper questioning by the prosecution during trial. But these incidents disclosed nothing either improper or of substantial character and did not impugn the fairness of the trial and conviction.

■ Thus at the trial it was the contention of the defense that the man who was carrying a paper bag containing the glass jars of distilled spirits was one Monroe, and not the defendant Mallison. There was strong testimony from government agents, however, identifying Mallison as the person and telling of his apprehension while fleeing. Additionally Monroe was a government witness. On cross-examination he denied being at the scene of the crime, stating that he was at Mallison's apartment at the time visiting his sister. On redirect examination Monroe was asked how he happened to know Mallison's sister, and he said "by going up there" "a lot." He was then asked, "Why did you go up there?" and he answered, "Sometimes I goes about whisky." This is claimed as improper as

evidence of a pattern of illegal conduct. But there was no objection to the question or to the answer, the deduction is remote, and the whole incident quite trivial and inadequate to throw doubt on the identification made of Mallison by the agents.

■ The second alleged error concerns a second count of the indictment, as to which the jury found Mallison not guilty. Here, too, he had attempted to establish the defense of alibi through one Isabel Weters. On cross-examination she denied knowing Agent Turner. The prosecution then asked the following question: "Sometime in September of 1955, were you in an automobile with Mr. Mallison and six one-half gallon jars of alcohol?" An objection to the question was sustained and the jury instructed to disregard it. Shortly thereafter Agent Turner testified for the government that he met her in the defendant's company on September 1, 1955. He did not describe the circumstances. The court permitted this question and answer after a discussion at the bench. The defense counsel made no motion to strike the testimony. It is now claimed to be improper as evidencing another crime. But it was admissible to contradict the direct testimony of Mrs. Weters that she had never met Turner. It is immaterial that it may have been inadmissible had it been offered for another purpose.

■ The third trial incident relates to an answer given by Agent Swersie when called in rebuttal and while being cross-examined concerning one Drew, arrested with Mallison. Swersie was asked about his questioning of Drew on October 19, 1956, thus: "Q: Did you ask him any further questions? A: Whether he was married. Q: What did he tell you? A: He said that he was unmarried but he had two children." This last answer is characterized as a gratuitous statement, irresponsive and plainly designed to discredit Drew and thus to deprive defendant of a fair trial. There was no motion to strike the answer. Here, too, the incident is unimportant and the claimed inference remote. All the rulings complained of seem well within the discretion of the trial judge.

Thus we agree with the trial court that any attempted appeal is without merit. Defendant had a fair trial before a most discriminating jury which found him guilty on the count where he was caught quite red-handed, but gave him the benefit of the doubt on the count where liquor was found in his (apparently) abandoned car.

Nevertheless it was necessary that all these matters be brought before us and duly examined; and we are grateful indeed to counsel who at our request has rendered such able and diligent assistance.

The motion is denied.