## JOHNSON *v.* UNITED STATES.

No. 531, Misc.—Decided March 4, 1957.

*William H. Timbers* for petitioner.

*Solicitor General Rankin, Assistant Attorney General Olney* and *Beatrice Rosenberg* for the United States.

PER CURIAM.

The petition for writ of certiorari is granted, as is leave to proceed *in forma pauperis.*

By the Act of June 25, 1910, 36 Stat. 866, as now enlarged in 28 U. S. C. § 1915, Congress provided for pro-

ceedings *in forma pauperis* on appeal unless "the trial court certifies in writing that it [the appeal] is not taken in good faith." Such certification is not final in the sense that the convicted defendant is barred from showing that it was unwarranted and that an appeal should be allowed. Of course, certification by the judge presiding at the trial carries great weight but, necessarily, it cannot be conclusive. Upon a proper showing a Court of Appeals has a duty to displace a District Court's certification. Moreover, a Court of Appeals must, under *Johnson* v. *Zerbst,* 304 U. S. 458, afford one who challenges that certification the aid of counsel unless he insists on being his own. Finally, either the defendant or his assigned counsel must be enabled to show that the grounds for seeking an appeal from the judgment of conviction are not frivolous and do not justify the finding that the appeal is not sought in good faith. This does not require that in every such case the United States must furnish the defendant with a stenographic transcript of the trial. It is essential, however, that he be assured some appropriate means—such as the district judge's notes or an agreed statement by trial counsel—of making manifest the basis of his claim that the District Court committed error in certifying that the desired appeal was not pursued in good faith. See *Miller* v. *United States,* 317 U. S. 192, 198.

Since here the Court of Appeals did not assign counsel to assist petitioner in prosecuting his application for leave to appeal *in forma pauperis* and since it does not appear that the Court of Appeals assured petitioner adequate means of presenting it with a fair basis for determining whether the District Court's certification was warranted, the judgment below must be vacated and the case remanded to the Court of Appeals for proceedings not inconsistent with this opinion.

*So ordered.*