Paul E. O'ROURKE, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

Warren T. DEWAN, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

Anthony DI GANGI, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 5274–5276.

United States Court of Appeals First Circuit.

Heard Oct. 4, 1957.

Decided Oct. 25, 1957.

William P. Homans, Jr., Boston, Mass., for appellant Paul E. O'Rourke.

Leonard J. Mullen, Jr., Cambridge, Mass., for appellant Warren T. Dewan.

Robert F. White, Boston, Mass., for appellant Anthony DiGangi.

Charles F. Barrett, Asst. U. S. Atty., Cambridge Mass., with whom Anthony Julian, U. S. Atty., and William J. Koen, Asst. U. S. Atty., Boston, Mass., were on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

Appellants and others were tried together upon a number of indictments charging conspiracy to use the mails to defraud, contrary to 18 U.S.C. § 371, and charging various substantive offenses of using the mails to defraud, contrary to 18 U.S.C. § 1341. After a lengthy trial the jury, having been directed to render verdicts of acquittal in favor of defendant DiGangi on the indictments charging substantive offenses, brought in a verdict of guilty against DiGangi on the conspiracy indictment. The jury also brought in verdicts of guilty against defendants Dewan and O'Rourke on the conspiracy charge and on two of the indictments charging substantive offenses. The trial judge thereafter entered separate judgments of conviction against these three defendants in accordance with the jury verdicts, and imposed prison sentences.

The three defendants sought to appeal to this court from the aforesaid judgments of conviction. They filed the requisite affidavits of poverty as required by 28 U.S.C. § 1915, and asked the district court for leave to prosecute their appeals in forma pauperis. Judge Aldrich filed an elaborate memorandum setting forth his reasons for concluding that "the appeals are frivolous and without hope of success, and that the motions must be denied." In accordance with such memorandum he entered an order on June 25, 1957, in the following terms: "The motions for leave to appeal in forma pauperis are severally denied. I certify that the appeals are not taken in good faith, within the meaning of the rules and statutes provided, as more fully set forth in a memorandum of even date."

■ This order of June 25, 1957, certifying that the appeals were not taken in good faith, was itself in the nature of a "final decision" from which an appeal may be taken to this court under 28 U.S.C. § 1291. Cf. Ekberg v. United States, 1 Cir., 1948, 167 F.2d 380, 383. So much must be taken as settled law in view of the decision of the Supreme Court in Johnson v. United States, 1957, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, but pains must be taken not to enlarge unduly upon the careful language of that opinion lest we find ourselves in opposition to a declared policy of Congress in 28 U.S.C. § 1915.

Following the teaching of Johnson v. United States, supra, the three appellants filed their separate notices of appeal from the district court's order of June 25, 1957.

In these proceedings before us appellants have continued to be represented by the counsel appointed for them in the district court.

■ Since we had not yet determined whether appellants were entitled to appeal in forma pauperis, the question came up whether we should require appellants to pay the prescribed docketing fee so as to perfect their preliminary appeals, so to speak, from the order of June 25, 1957, certifying that their attempted appeals from the judgments of conviction were not taken in good faith. The decision in Johnson v. United States would indeed be hollow and meaningless if the convicted persons could not present to the court of appeals the issue opened up to them by the case without first paying the docketing fee which, by their affidavits of poverty, they asserted that they did not have the means to pay. Accordingly, on July 10, 1957, we entered an order reading in part as follows:

"These appeals having been taken to review orders of the District Court denying leave to proceed in forma pauperis, It is ordered that the Clerk of this Court shall file the consolidated record on appeals and docket each of these cases today

without requiring prepayment of the entry deposits; and further

"Leave is granted to appellants to proceed under Rule 20 of the Rules of this Court upon typewritten copies of their consolidated brief or separate briefs and of the consolidated record appendix to their brief or briefs; and still further

"Leave is granted to appellants to omit from reproduction in their consolidated record appendix the transcription of the daily notes of Judge Aldrich, and the Court and , counsel may refer to the original thereof appearing in the record on appeal with the same force and effect as if so reproduced; * * *."

Whether we had any authority of law to enter such order as was contained in the first paragraph above may be a question. Cf. Bradford v. Southern Railway Co., 1904, 195 U.S. 243, 25 S.Ct. 55, 49 L.Ed. 178. At least our order may have served the practical purpose of protecting the clerk of our court from being surcharged for docketing the cases without collecting the prescribed docket fees. We have now stated with frankness how appellants got before us the question of the validity of the order of June 25, 1957, certifying that their appeals were not taken in good faith.

What, then, is the scope of our review? 28 U.S.C. § 1915 does not block hopeless appeals by appellants who are able to bear the costs of appeal. It does, however, serve to protect the appellate courts from being overburdened with frivolous appeals by indigent appellants at public expense. If the appellate court has to examine a lengthy transcript of the evidence, and practically to hear the case on its ultimate merits, in order to determine the preliminary issue now presented to us, obviously the appellate courts would have no protection from being overburdened by frivolous appeals on behalf of indigent appellants at public expense; the limitation on our appellate jurisdiction contained in 28 U.S.C. § 1915 might as well be repealed, and these preliminary appeals now before us might

as well be abolished as an unnecessary and time-consuming superfluity.

■ It is evident that the Congress was willing to trust the trial judge, who naturally would be more familiar with the case, to make the initial determination whether in his opinion the proposed appeal was or was not taken in good faith.

The case is conceivable, though it will surely be a rare one, in which the trial judge may exercise this delicate responsibility in bad faith for the purpose of choking off an indigent appellant from obtaining appellate review where the trial judge himself recognizes that some of his rulings might have contained reversible error. The Supreme Court has told us that an indigent appellant is not remediless in such an extreme case. Naturally, as pointed out in Johnson v. United States, supra, 352 U.S. at page 566, 77 S.Ct. at page 551, "certification by the judge presiding at the trial carries great weight but, necessarily, it cannot be conclusive." Or, as stated in Wells v. United States, 1943, 318 U.S. 257, 259, 63 S.Ct. 582, 584, 87 L.Ed. 746, "the certification must be given effect at least to the extent of being accepted by appellate courts as controlling in the absence of some showing that the certificate is made without warrant or not in good faith." Only if such showing were made could we conclude that the district court's order certifying that the appeal was not taken in good faith constituted an "abuse of discretion".

■ In the present cases we do not have before us a transcript of the evidence taken at the trial, but we do have the certified transcript of the daily notes taken by the trial judge during the trial. We also have copies of the indictments, of various motions made by the defendants at the trial, the rulings thereon, the charge to the jury, and a long memorandum by the district judge explaining why he issued the order certifying that the appeals were not taken in good faith. Counsel for appellants have conceded that we now have before us enough of a record

to enable us to determine intelligently the narrow issue pending for decision.

Upon careful consideration of the entire record, and being not unmindful of the heavy burden that rests upon appellants in cases of this kind, we can only say that we are unpersuaded that the district judge committed an abuse of discretion in issuing his certificate of June 25, 1957.

Accordingly, judgments will be entered affirming the order of the District Court.