**UNITED STATES of America**

v.

**Joaquin RAMOS, Thomas J. Cronin and Joseph P. Di Buono, Defendants.**

**Crim. No. 45026.**

United States District Court
E. D. New York.

Feb. 7, 1958.

Cornelius W. Wickersham, Jr., U. S. Atty. by Charles L. Stewart, Asst. U. S. Atty., Brooklyn, N. Y., for the United States.

Charles R. Lewis, Brooklyn, N. Y., for defendant Joaquin Ramos.

Julian C. Tepper, Brooklyn, N. Y., for defendant Thomas J. Cronin.

Thomas F. Burchill, Jr., New York City, for defendant Joseph P. Di Buono.

RAYFIEL, District Judge.

After a seven-day trial to a jury the defendants were convicted of conspiring to sell a narcotic drug, in violation of section 174 of Title 21, United States Code Annotated, and the defendants Di Buono and Ramos were, in addition, found guilty of three substantive counts charging them with the sale of narcotics, in violation of section 174, supra, and sections 4704(a) and 4705(a) of Title 26 thereof.

A timely notice of appeal was filed in this court in behalf of each of the defendants, and the fee therefor paid. The defendants thereafter moved in this Court under sections 753(f) and 1915 of Title 28 United States Code, for leave to prosecute their appeals in forma pauperis. It appears from the files of the Court that at least two of the defendants also applied to the United States Court of Appeals for similar relief.

Under section 1915 this Court, under circumstances therein prescribed, may authorize the prosecution of an appeal in a criminal proceeding without prepayment of fees, but the defendants have already paid the only fee required therefor. Further, this Court, by reason of the 1951 amendment of subd. (b) thereof, no longer has authority under section 1915 to direct that a transcript of the record be furnished to the defendant at the expense of the United States. However, section 753(f) provides that fees for transcripts of criminal proceedings furnished to persons allowed to appeal in forma pauperis shall be paid by the United States.

I have assumed the applications herein to be correct in form, and properly brought under sections 753(f) and 1915, supra. I assigned Julian C. Tepper, Esq. and Charles R. Lewis, Esq. to represent the defendants Cronin and Ramos, respectively. Thomas F. Burchill, Jr., Esq., who had represented the defendant Di Buono during the trial, volunteered his services in his behalf on this application.

An informal hearing was thereafter held, at which there was a general discussion of the trial, with particular emphasis on its major points, chiefly for the purpose of familiarizing assigned counsel therewith, and thereby assisting them in the preparation of their clients' application.

During the course of the discussion Mr. Burchill, in response to a question of the Court, stated that it was his opinion that two incidents in the trial might properly form the basis of an appeal in behalf of the defendants. One was the admission, over counsel's objection, of the testimony of a government agent respecting a conversation between one of the defendants and another government witness, which the agent heard over a mechanical device, the objector claiming that the Government had failed to adequately establish the identification of the speaker's (defendant's) voice. The other incident involved comments by the Assistant United States Attorney in his summation, claimed to have been prejudicial to the defendants. Consonant with the Court's opinion in Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed. 2d 593, this court made available to counsel, without charge, excerpts from the record covering those points. Assigned

counsel were requested to consult Mr. Burchill and the attorneys who represented Cronin and Ramos on the trial, which, as the Court has been informed, they have done.

Counsel for all defendants have filed memoranda in support of the applications of their respective clients. Counsel for Cronin argues that the evidence adduced was insufficient to justify Cronin's conviction of conspiracy *and the substantive counts,* and stresses the fact that there was a conflict between the testimony of a government agent and another government witness as to an important element in the case. Cronin was indicted for conspiracy only, and his conviction was amply supported by the evidence. There was no such conflict as claimed by counsel.

Ramos' only contention, in which Di Buono joins, is that the Assistant United States Attorney made several comments during his summation which were prejudicial to the defendants. In addition, Di Buono claims that a government agent was permitted to testify, over counsel's objection, concerning a conversation between a government witness and one of the defendants, which he, the government agent, had heard over a mechanical device, although the government failed to adequately establish the identity of the said defendant's voice prior to such testimony. The record does not support that claim. The fact is that the agent had previously testified that he had spoken to the defendant in question on a prior occasion for about an hour, and was familiar with his voice. See United States v. Bucur, 7 Cir., 194 F.2d 297, United States v. Sansone, 2 Cir., 231 F.2d 887, People v. McDonald, 177 App. Div. 806, 165 N.Y.S. 41. See also 2 Wigmore on Evidence, 3rd ed., Sec. 660; Fed.Sec. 2155; Fabacher v. U. S., 5 Cir., 84 F.2d 602, 604, cited in United States v. Moia, 2 Cir., 251 F.2d 255.

It is true that I found it necessary, during the summation of the Assistant United States Attorney, to caution him against the repetition of several of his comments. On those occasions I instructed the jury to disregard such comment and consider only the evidence presented at the trial. Only one of such comments was in any degree serious, and none was prejudicial, or, in my opinion, influenced the verdict, inasmuch as the evidence against the defendants was very strong.

It is my belief, and, accordingly, I certify, that the appeal of the defendants is without merit, frivolous, and not taken in good faith.

The motion for leave to appeal in forma pauperis is, therefore, denied.

I wish to express my thanks to counsel for their diligent and competent efforts in behalf of the defendants.