Dye, J.
(dissenting). I cannot agree with the rationale of the opinion about to be handed down in respect to an assignment of counsel, although I am satisfied that the record is sufficient to support the conviction.
While it is true, there is no express constitutional or statutory-provision mandating the assignment of counsel to assist an indigent accused in the prosecution or defense of his appeal from a judgment convicting him of a crime, except in a situation not here pertinent (cf. New York Const., art. I, §§ 6, 11; Code Crim. Pro., § 308), it does not follow that refusal to assign counsel upon request is a sound exercise of judicial discretion. According to the United States Supreme Court, an accused ‘ ‘ requires the guiding hand of counsel at every step in the proceedings against him ” (Powell v. Alabama, 287 U. S. 45, 69). This is broad language. The due process it envisions may with reason be deemed to include proceedings on an appeal. Such a reading harmonizes with all of our contemporary concepts of equality under the law, the enjoyment of which has never been suggested as depending on economic independence. The Federal cases cited as precedents have been shorn of their value as controlling authority by the recent decision of the United States Supreme Court in Griffin v. Illinois (351 U. S. 12), which dealt with the elements deemed essential to an adequate and effective appellate review. In the majority opinion, Mr. Justice Black succinctly said (p. 19): “ There can be no equal justice where the kind of trial a man gets depends on the amount of money he has In United States v. Johnson (238 F. 2d 565, judgment vacated 352 U. S. 565 [1957]), defendant’s request to prosecute his appeal as a poor person and for assignment of counsel was denied, because the trial court had refused to issue a certificate of merit. Implicit in the vacatur and remand to determine whether the appeal had merit was a direction to appoint counsel, for the court took occasion to point out (352 U. S. 566): “ Moreover, a Court of Appeals must, under Johnson v. Zerbst, 304 U. S. 458, afford one who challenges that certification the aid of counsel unless he insists on being his own ’ ’. Within the year, we ourselves have ruled that it was error to deny a request for assignment of counsel by an indigent appellant who was physically unable, because of his confinement, to inspect the copy of the trial minutes on file in the clerk’s *80 office (People v. Kalan, 2 N Y 2d 278, 280). While we did not there decide that ‘ ‘ failure to appoint counsel will always constitute a deprivation of constitutional rights ’ ’, we were careful to point out that under the circumstances, “ refusal to assign counsel upon defendant’s request prevented an effective use of the right to appeal in violation of the constitutional guarantees of due process and equal protection ” (N. Y. Const., art. I, §§ 6, 11). Simply stated, assignment of counsel upon request is fundamental to a sound administration of justice. This is particularly true in a case such as this, where leave to appeal in forma pauperis has been granted.
The circumstance that no provision is made for the compensation of assigned counsel does not persuade me as affording a very good reason for refusal to assign or to serve. From ancient times, lawyers have pledged themselves “never [to] reject * * * the cause of the defenseless or oppressed * * * for lucre or malice ” (Oath of Admission, McKinney’s Cons. Laws of N. Y., Book 29, Judiciary Law, Appendix, pp. 778-779). Experience has shown me that when attorneys are called upon by the courts to so act, they respond willingly, cheerfully and to the best of their ability. Pay is not the criterion. In this, as in other cases requiring the decision of a question that may impinge on public policy, an argument is advanced that the change should be accomplished at the hands of the Legislature, rather than the courts. However that may be, legislative inaction in the final analysis must yield to the paramount demands of due process and equal protection, which principle the courts are bound to reassert whenever necessary to assure the proper administration of justice.