Thomas Everette **RICHARDSON**,
Petitioner,

v.

**UNITED STATES of America,**
Respondent.

Misc. No. 850.

United States Court of Appeals
Ninth Circuit.

May 12, 1959.

---

868

Thomas Everette Richardson, in pro. per.

No appearances for respondent.

Before POPE, BARNES and JERT-BERG, Circuit Judges.

PER CURIAM.

Richardson applies for leave to proceed on appeal in forma pauperis and he has asked for the appointment of an attorney to represent him in this court. The attempted appeal is from an order of the district court at Juneau, Alaska, denying a motion which Richardson filed there and which he entitled "Motion for Leave to Obtain Copies of the Following Documents in Forma Pauperis". The documents referred to are the transcript and the entire record of his trial in that court which resulted in his conviction of the crime of murder and a judgment sentencing him to life imprisonment.

The facts disclosed are that although judgment and sentence were imposed up-on petitioner on February 6, 1956, no appeal was taken from that judgment. The motion, from the denial of which the present appeal is sought to be prosecuted, is so inartificially drawn that it is difficult to ascertain just what claim petitioner was endeavoring to state thereby. It does appear therefrom however that he asserts he was denied a right to appeal his conviction because he was denied any opportunity to learn that he had a right of appeal. His allegation in this respect is as follows:

"This petitioner is of the opinion that a capital crime is appealable, that an appeal is mandatory. But petitioner never got an appeal, was never told about appealing either by this Court or by his attorneys for his defense. As petitioner was never advised of his rights to appeal then he is entitled to an appeal. This is why petitioner must have his records of his case, notwithstanding that he should have been advised about appeal, but the mere fact that he was not advised about appeal is ground enough for him to be able to obtain his records so he may get the chance to appeal this case which is his right by law and by the Constitution of the United States of America."

The motion referred to earlier motions seeking to have furnished to him the same documents here described. Those earlier motions indicate that petitioner conceived that he was entitled to relief under the principles announced in Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

If we give the motion filed in the court below the most liberal construction possible, we would hold that it could be treated as an application for vacation of sentence under § 2255 of Title 28 U.S.C., or for other appropriate post-conviction remedy. The motion also alleges that petitioner is without counsel; that he is indigent and unable to employ counsel, and is without sufficient knowledge of the law to be able to prosecute his application in the district court without the aid of counsel.

It appears to be the petitioner's view that as an indigent defendant, although he was prosecuted in a federal rather than a state court, he was entitled not only to a record of his trial and conviction similar to that which was recognized in Griffin v. People of State of Illinois, but also that he was entitled to be informed of his right to appeal and to the assistance of counsel on the perfecting of such an appeal. Seemingly his contention is that since his appeal was frustrated by these neglects, he has a continuing right now to appeal notwithstanding no appeal was taken, or in the alternative, that he is entitled to have his sentence vacated.

The reasoning in support of that contention would necessarily be that since it has been held in Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, and in other cases following it, that a defendant's right to representation by counsel under the provisions of the Sixth Amendment extend to and throughout an appeal, the court before whom this case was tried was under some obligation not only to appoint counsel to represent him at his trial but also obliged to appoint counsel who would proceed to take an appeal on his conviction or at least advise with him with respect to his right to appeal.[1]

The record shows that at his trial petitioner was represented by two court appointed attorneys. There is no statement in the motion or other record to disclose at what time these attorneys ceased to represent the petitioner.

If we give petitioner's motion the most liberal construction possible, and if we assume that Johnson v. United States, supra, entitled petitioner to representation by counsel who would act for him in taking an appeal, his application still falls short of meeting the test applied in Griffin v. People of State of Illinois, supra.

There is no showing made by petitioner that his appeal would be other than frivolous. Nowhere is there a statement as to the grounds petitioner would have for an appeal from his conviction. In the Griffin case it was alleged and conceded that there were manifest nonconstitutional errors in the trial. As stated in the opinion (351 U.S. at page 15, 76 S.Ct. at page 589) "In their Post-Conviction proceeding petitioners allege that there were manifest nonconstitutional errors in the trial which entitled them to have their conviction set aside on appeal and the only impediment to full appellate review was their lack of funds to buy a transcript. These allegations have not been denied."

Not only has petitioner failed to make any such allegations here but he is taking the position that he will not do so.[2]

---

1. See Crim.Rule 37(a) (2), 18 U.S.C., providing "When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant."

2. In a letter addressed to this court which accompanies his application here he quotes from the order of the district court its statement: "As a prerequisite to the granting of such a motion, the defendant must acquaint the Court the proposed use of the documents and make some showing of a meritorious claim. Only when this is done is the court in a position to weigh his contentions and either grant or deny leave to proceed in forma pauperis." He then continues: "Well, your honor, it would be kind of hard to foresee what action or defense I shall make unless I have the documents for which I am seeking. It would be very impossible for me to make a defense of my claims in Court unless I can obtain such documents as I request. As for stating if I am going to appeal, I believe that I would not ask for the documents unless I was going to appeal. And besides I don't think I should have to tell the Court for what purpose I wish the documents. I don't believe that even a good lawyer would tell the Court what his plans are going to be for defense and motions BEFORE he goes to court. If I was to say the reason why I wish these documents, then the Court could be prepared for me even before I could get started. I mean a General in the Army would not state to the enemy what his intentions are, not if he

It would be absurd for this court to grant petitioner the relief he seeks all to the end that he be permitted to prosecute a groundless appeal.

The petition is denied and the appeal is dismissed as frivolous.

expects to win. I believe my intentions are honorable and within the law, and that as a citizen of the U. S. I am entitled the documents for which I ask so that I may proceed in the appeal of my case for which I believe I have very good grounds for doing so. The Court also states that I am allowed ten days from entry of judgment for filing a notice of appeal, and that time has long since elapsed. I do not believe I have ever heard of such a law. And even if there was, it would not correspond to the motion for which I filed. For I did not file a notice of appeal, I filed an affidavit in forma pauperis, and motion for transcript of the record, and all documents in Cr. No. 2697B. At no time was there any mention of a motion of appeal. It would be impossible for me to file a motion for appeal without a transcript and documents pertaining to my case. Since I the defendant in this case think that I have been wrongfully denied in my motion to the Court. I would appreciate it very much if the Court would order that such documents as pertaining to this case shall be ordered up to the defendant at the earliest possible time. I believe I am in my full rights as a citizen of the United States and under due process of law."