Wilson WOOTEN, Appellant,

v.

Lynn BOMAR, Warden, Appellee.

No. 13808.

United States Court of Appeals Sixth Circuit.

June 17, 1959.

Wilson Wooten, pro se.

Henry C. Foutch, Asst. Atty. Gen., on brief for appellee.

Before McALLISTER and MILLER, Circuit Judges, and CECIL, District Judge.

PER CURIAM.

This is an appeal from the District Court for the Middle District of Tennessee. The appellant made application in that court for a writ of habeas corpus and was denied relief.

■ The District Judge allowed the petitioner to appeal in forma pauperis, but denied his motion for a certificate of probable cause. For this reason counsel for appellee moved to dismiss. 28 U.S.C. § 2253. Upon the authority of Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, this motion is overruled.

The petitioner seeks to raise a Federal question by reason of the admission of an alleged coerced confession into evidence at the trial.

■ There seems to be a great misapprehension among prisoners in State penal institutions that a writ of habeas corpus in Federal Courts gives them an opportunity to have a general review of their original trials. This writ, powerful and important as it is, has its limitations. It is available to correct the denial of fundamental constitutional rights, but it may not be used to correct mere irregularities or errors of law. In other words, it may not be used as a substitute for error proceedings. This has been determined many times in this Court. Long v. Benson, 6 Cir., 140 F.2d 195; McCrea v. Jackson, 6 Cir., 148 F.2d 193; Plummer v. State of Ohio, 6 Cir., 195 F.2d 521; Bowman v. Alvis, 6 Cir., 224 F.2d 275; Anderson v. Bannan, 6 Cir., 250 F.2d 654.

The petitioner herein had a review of his case in the Supreme Court of Tennessee. Wooten v. State of Tennessee, Tenn., 314 S.W.2d 1.

■ According to the opinion of the Supreme Court, this question was passed on by the trial judge. The jury was excused, a hearing had on the question and a ruling made by the trial judge that the confession was voluntary and admissible. The Supreme Court sustained this ruling. It is, therefore, not a proper question to be raised in a habeas corpus proceeding. Thomas v. Arizona, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863.

A further objection to this action in the federal courts is that the petitioner has not exhausted his remedies in the state courts.

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254.

■ The petitioner exhausted his remedy on appeal in the State courts of Tennessee, but he did not exhaust the alternative remedy of habeas corpus in those courts. Section 23–1801 et seq., Tennessee Code Annotated. It is a well established rule of federal practice that such remedy must be exhausted as a prerequisite to the jurisdiction of the federal courts. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

For the reasons herein stated, the petitioner's application was properly dismissed and the judgment of the District Court is hereby affirmed.