[No. 35196.  *En Banc.*  June 30, 1960.]

*In the Matter of the Application of a Writ of Habeas Corpus of* PRINCE EDWARD HENDRIX, *Petitioner, v.* B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Prince Edward Hendrix, pro se.*

*The Attorney General* and *Stephen C. Way, Assistant,* for respondent.

ROSELLINI, J.—The petitioner, seeking a writ of *habeas corpus,* maintains that his constitutional rights have been violated because he was refused a free statement of facts, necessary to perfect his appeal.

[1]Reported in 353 P. (2d) 878.

The petitioner's trial before the superior court for King county, sitting without a jury, resulted in his conviction of the crime of burglary in the second degree. He was represented by counsel of his choice. After judgment and sentence had been rendered, petitioner's attorney gave timely notice of appeal and withdrew as counsel from the case.

The petitioner was confined in the county jail and, by letter, he advised the trial court that it was his desire to prosecute his appeal in *forma pauperis* and to have the court furnish a statement of facts at public expense. He also requested that counsel be appointed to aid him on the motion and this appeal.

When the motion for a free statement of facts was heard, it became apparent that the petitioner had not alleged any error of the trial court. After being sworn, he was asked what errors he thought had occurred at the trial. He answered:

"And it's never been proved that I broke into the place or entered. And I have sent for the investigator to come over and go up and investigate this fellow Elmer that has this tavern. He probably bought that money off somebody. I don't think he found it in the garbage can. I think he bought it from that little barber that had the shop next door to him. He was the one I think who did that burglary. It was not me because I tell you I stayed all night there at that house. And I was drunk, I was really drunk that night. I didn't even leave that house. It couldn't possibly have been me. If I had been guilty, I would have pled guilty a year ago. And I almost would have been out of the penitentiary probably by now.

"And it is hard to stay in jail that long. I have been in almost a year. And I would like to get out of this thing and get started. And I have learned a lot of things while I have been in jail. And I know I can do better to make it out there. That is what I would like to do, is get out. I figured on going in the barber supply wholesale business. And you have to be bonded. And if I get my record any worse shape than what it is, I can never supply a bond. And I, if it was possible, I would like to just let me stay in jail until you think I stayed long enough and then give

me a suspended sentence of some kind. That is what I like for you to do.

"I don't have the money to pay for all of this and have an attorney. And it's pretty hard when you have to go alone."

The court denied the motion. Thereafter the petitioner filed a motion to dismiss his appeal, and an order of dismissal was entered.

Petitioner now urges that the withdrawal of his appeal was coerced, and that being a barber by trade and not a lawyer, he could not be expected to recognize errors which occurred at the trial and which would entitle him to a free statement of facts.

The record discloses that the withdrawal of the petitioner's appeal was some five months after his conviction; and since the petitioner had been denied a statement of facts, the request for the dismissal of appeal was predicated upon the fact that he was unable to appeal.

In *Griffin v. Illinois,* 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585, 55 A. L. R. (2d) 1055, it is implied that a state should furnish reasonably competent counsel to an indigent defendant for the purpose of his appeal. While we have no statute nor rule providing for the appointment of counsel to represent an indigent defendant who desires to apply for a statement of facts, in a footnote to *In re Woods v. Rhay,* 54 Wn. (2d) 36, 338 P. (2d) 332, we stated:

"Where court-appointed counsel has represented the defendant at the trial, his services should be made available to the defendant for the purpose of presenting the motion [for a free statement of facts]."

Rule 101.24W, Pleading, Practice and Procedure, RCW Vol. 0, provides that if a statement of facts is furnished at public expense, the court shall appoint an attorney for the purpose of representing the defendant on the appeal unless the defendant is appearing other than *pro se.*

In *Johnson v. United States,* 352 U. S. 565, 1 L. Ed. (2d) 593, 77 S. Ct. 550, by a *per curiam* opinion, the United States supreme court vacated a circuit court judgment, saying that the court should have appointed counsel to assist the

defendant in prosecuting his application for leave to appeal in *forma pauperis*. The rationale of the decision is that it is essential to a fair appellate review that an indigent defendant be assured some appropriate means of making manifest the basis of the error claimed to have been committed.

In *Powell v. Alabama,* 287 U. S. 45, p. 68, 77 L. Ed. 158, 53 S. Ct. 55, the court stated:

" . . . The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect."

It is not enough that we provide counsel at public expense at the trial level; the fundamental principle that every person accused of a crime shall have a fair and impartial trial, requires that an indigent defendant also be represented by an attorney at the appellate level. If he is denied the services of an attorney at the post-conviction proceedings and the appellate stage, the constitutional right to appellate review is illusory.

The recognition and pointing out of appealable errors occurring during the course of a trial, is a highly technical and complicated task, and a task which a layman could not reasonably be expected to accomplish. Even a skilled attorney may be caught off guard if he is not alert and has not prepared himself by careful study in advance of the trial.

Here, the petitioner did not allege any error occurring during the course of his trial in his letter to the trial judge requesting a hearing on his motion for a free statement of facts, nor was he able to tell the court of any error when his motion was heard. To expect and to require this petitioner to be able to recite errors occurring at his trial, is to treat him with less than that degree of fairness demanded by the concept of due process and it certainly is not within the spirit of the decision of this court in *In re Woods, supra*. We hold, therefore, that when an indigent defendant has made known his desire to appeal and is not represented by counsel, it is the duty of the trial court to offer to appoint counsel to assist him in moving for a statement of facts in order that he may have the full enjoyment of his constitutional right to due process of law.

In *In re Woods, supra*, we said that the services of an attorney should not be terminated until the motion for the statement of facts is completed. We suggest that the trial court request the attorney who represented the defendant at the trial to represent him upon his motion for the statement of facts.

Nothing in this opinion should be construed as criticism of the trial court, of the petitioner's attorney, or of the prosecutor's office, as each was called upon to act, prior to the publication of *In re Woods, supra*, in regard to a difficult question about which there has been great uncertainty.

The order of the trial court denying the petition is vacated. The appeal of the petitioner is reinstated, and a remittitur shall issue to the trial court directing that the petitioner be permitted to file a new motion for a statement of facts according to the rules expressed in *In re Woods, supra*, with the assistance of counsel; and the trial court shall exercise its discretion in determining the disposition of the motion. The time for perfecting the appeal shall run from the date of such order.

It is so ordered.

ALL CONCUR.