**Robert V. DOTSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6585.**

United States Court of Appeals Tenth Circuit.

March 10, 1961.

Wilbur G. Leonard, U. S. Atty., for District of Kansas, Topeka, Kan., (George E. Peabody, Asst. U. S. Atty., Wichita, Kan., was with him on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

In June, 1959, appellant was found guilty after trial by jury of the offense of unlawfully uttering a forged United States Treasury check. A sentence of three years was imposed by the United States District Court for the District of Kansas to begin to run at the expiration of a period of incarceration appellant was then serving in Auburn Prison under sentence of the State of New York. Appellant is still in Auburn and has not yet begun serving his federal sentence.

Although no appeal was taken from the judgment of conviction in Kansas appellant did, in March and April of 1960, lodge with the Clerk of the Kansas District Court a series of documents attacking the validity of his conviction and the sentence imposed upon 46 enumerated grounds. A motion was made to present such claims to the District Court in forma pauperis. The trial court, considering the documents as a motion for writ of error coram nobis under the All-Writs Statute, 28 U.S.C. § 1651,[1] and after a review of the entire record of the case, denied the motion as such and also denied the motion to proceed in that court in forma pauperis. Appellant then filed a notice of appeal and a motion asking the trial court to allow the appeal to proceed in forma pauperis. The trial court denied the motion and certified in writing that the appeal was not taken in good faith. See 28 U.S.C. § 1915(a). A subsequent motion addressed to this court sought leave to perfect the appeal in forma pauperis and was granted ex parte by a panel of this court.

Thomas C. Chapin, Denver, Colo., for appellant.

---

1. The procedure was proper as appellant, not being in federal custody, could not be heard under 28 U.S.C. § 2255.

As presented, the instant appeal searches the correctness of the trial court's rulings denying the petition for writ of error coram nobis and denying leave to proceed in that court in forma pauperis. The government asserts however that the proper scope of the appeal is limited to a review of the order of the trial court refusing leave to appeal in forma pauperis and suggests that the order of this court allowing consideration of the more general appeal without prepayment of fees was improvidently made in view of the trial court's written certification that the appeal was not taken in good faith. The further suggestion is made that perhaps this court was not aware of the trial court's certification at the time of our order allowing an appeal in forma pauperis. In such regard we can only state that we were well aware of the certification, the basis in 28 U.S.C. § 1915(a) for the certification, and the initially attractive strength apparent in the technical procedural logic that premises the position now urged by the government. Stated simply, the government contends that this court cannot entertain a general appeal in forma pauperis when the trial court certifies in writing that the appeal is not taken in good faith unless and until we vacate the certification of the trial court as constituting an abuse of discretion. We do not believe the authority of this court to be so limited nor the compulsion of 28 U.S.C. § 1915 (a) to be such as to create the procedural dilemma which would follow if the statute be interpreted in accord with the government's contention. Sec. 1915(a) is intended as a tool to relieve appellate courts from the burden of frivolous appeals taken at public expense. O'Rourke v. United States, 1 Cir., 248 F.2d 812. But the statutory certification is not a total bar to further proceedings for the appellant may attack the certificate, Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, and such proceeding must be considered by the Court of Appeals as one of advocacy. Ellis v. United States, 356 U.S.

674, 78 S.Ct. 974, 2 L.Ed.2d 1060. In some instances the good faith of an appeal may be explored by this court without a consideration of the substantive merits of the main case and in such cases the impact of Sec. 1915(a) has been effective to protect public funds and to minimize the imposition upon the services of court-appointed members of the bar. But in other instances, and the present case is one, it becomes immediately apparent from the claims made in the motion seeking leave in this court to perfect an appeal in forma pauperis that we cannot determine the good faith of the proposed appeal without a consideration and determination of whether some degree of substantive merit, however slight, exists in the proposed appeal. Although good faith does not require any particular degree of merit it does not become existent by simple presentation of an issue which, when examined, becomes plainly frivolous. In other words, a review of the trial court's discretionary action sometimes involves the same appellate burden and, in most cases, the same expenditure of public funds as would a full appeal. To then entertain a preliminary procedure which is the practical equivalent to an appeal in all but form, to entertain a limited appeal to determine whether the court should entertain a full appeal upon the identical question, is but to defeat the intended purpose of Sec. 1915(a) and to defeat the intended administration of justice as set forth in Johnson, supra, and Ellis, supra. We have, therefore, thought it proper to pierce the artificial barrier of procedure and to make final disposition of a cause in one proceeding rather than expose the court, counsel, and the public pocketbook to the potential of pyramiding hearings and costs which present but a single determinative consideration. And we believe the merging of procedure justified when the substantive questions are merged even in those cases where it ultimately becomes apparent that a separate and independent review of the basis of the issuance of the trial court's certification under Sec.

1915(a) would have resulted in approval of the trial court's order. Such, indeed, is the present case. Appellant's claims that he was denied the right of subpoena and that he was denied the right to adequate and effective counsel find no support in the record. His other contentions are not subject to review by writ of error coram nobis or amount to but subjective conclusions of the petitioner. To so determine, we have found it necessary to review the entire record, including the transcript of evidence of appellant's original trial, and we therefore affirm the trial court upon the merits and upon full appeal.

The judgment of the trial court denying appellant's petition for writ of error coram nobis and denying appellant leave to proceed in that court in forma pauperis is affirmed.