Ross F. RAY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6795.

United States Court of Appeals Tenth Circuit.

Oct. 12, 1961.

Rehearing Denied Nov. 9, 1961.

Stephen A. Hellerstein, Denver, Colo., for appellant.

James L. Burton, Asst. U. S. Atty., Tulsa, Okl. (Russell H. Smith, U. S. Atty., Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, PICKETT and HILL, Circuit Judges.

PER CURIAM.

On December 9, 1954 the appellant, Ray, pleaded guilty to the offense of unlawfully transporting in interstate commerce a stolen motor vehicle. The imposition of sentence was suspended, and the defendant was placed on probation for a period of three years. During his period of probation Ray was arrested and brought before the United States District Court for the Northern District of Oklahoma to show cause why his probation should not be revoked. It was alleged that Ray had been arrested on a charge of public drunkenness and sentenced to jail upon his plea of guilty to that offense, and that on the day of his release from that sentence he was charged with obtaining money under false pretenses. At the hearing Ray was represented by counsel, and it was admitted that he had entered a plea of guilty to the drunkenness charge. The report of the probation officer showed a number of other arrests, and stated that the probationer was a chronic alcoholic and that his associates were mostly undesirable. Ray's probation was revoked, and he was sentenced to serve a term of three years. He is now serving that sentence in the United States Penitentiary at Leavenworth, Kansas.

On September 30, 1960 Ray filed in the original criminal action what he designated as a petition for a writ of habeas corpus. The petition was properly treated as a motion to vacate the judgment and sentence under the provisions of 28 U.S.C.A. § 2255. The allegations were that the evidence heard by the district court in support of the order revoking Ray's probation was illegally obtained by state officers. The district court denied the motion, and no appeal was taken therefrom. On March 3, 1961 the motion now being considered was filed to vacate the sentence on the same grounds as those presented in the first petition. This motion was denied by the district court without a hearing. The district court also denied a request for an appeal in forma pauperis, and a request has been made to this court that the appellant be permitted to proceed with his appeal in forma pauperis.

Section 2255 provides that "the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Clearly under this statute the district court was not required to entertain the second or successive motion for the same relief based upon the same grounds. Yoshiro Roy Yamaura v. United States, 9 Cir., 282 F.2d 564; McGann v. United States, 4 Cir., 261 F.2d 956, certiorari denied 359 U.S. 974, 79 S.Ct. 891, 3 L.Ed.2d 841; Albert v. United States, 9 Cir., 259 F.2d 268; Long v. United States, 6 Cir., 245 F.2d 871, certiorari denied 355 U.S. 878, 78 S.Ct. 144, 2 L.Ed.2d 109; Burns v. United States, 8 Cir., 229 F.2d 87, certiorari denied 351 U.S. 910, 76 S.Ct. 703, 100 L.Ed. 1445.

■ Furthermore, the record discloses that the evidence before the sentencing court at the hearing upon revocation of the probation was the appellant's admitted plea of guilty to the drunkenness charge and that no evidence such as that which appellant contends was illegally obtained by state officers was presented or considered.

The appeal was docketed, and the entire record is before us. We have considered the record on its merits, and we are satisfied not only that the appellant has no reasonable grounds for appeal, but also that his motion to vacate sentence was properly denied. The order of the district court denying the petitioner permission to appeal in forma pauperis and the order denying the motion to vacate sentence are respectively affirmed. Dotson v. United States, 10 Cir., 287 F.2d 868.