**Adai LESER and Czali Leser, Appellants,**

v.

**UNITED STATES of America,
Appellee.**

No. 19093.

United States Court of Appeals
Ninth Circuit.

Aug. 6, 1964.

Adai Leser and Czali Leser, in pro. per.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Crim. Section, Richard A. Murphy, Asst. U. S. Atty., Asst. Chief, Crim. Section, for appellee.

Before HAMLEY, MERRILL and DUNIWAY, Circuit Judges.

PER CURIAM.

On June 3, 1964, this court had before it several motions in the above-entitled matter, including appellants' motions: (1) for leave to appeal in forma pauperis, (2) for appointment of counsel to represent appellants upon the appeal, and (3) to be returned to the Los Angeles County jail pursuant to appellants' asserted election not to commence service of the sentences pending disposition of their appeal. On that date we denied these motions "without prejudice to their renewal in the district court."

Our order of June 3, 1964 also contained this provision:

"The proceeding is remanded to the district court for the limited purpose of entertaining and acting upon any such motions, the proceeding to be returned to this court after such action, or after the expiration of thirty days if no such motions are filed in the interim. The district court is requested to appoint counsel to assist appellants in the presentation of such motions."

The remanded proceeding thereafter came before the Honorable Peirson M.

Hall, United States District Judge, Southern District of California, Central Division, on July 8, 1964. Pursuant to the request contained in our order of June 3, 1964, Judge Hall on that day requested Mathew H. Brandenburg and Paul Caruso, who were counsel for appellants at the trial, "to assist appellants in the presentation of whatever motions are comprehended by * * *" the order of this court dated June 3, 1964.

Mathew H. Brandenburg thereafter advised Judge Hall, by letter, that he declined to accept the assignment. He stated to Judge Hall, over the telephone, that he did not believe that appellants are paupers and that, in his opinion, the only possible ground for appeal was the substitution of an alternate juror after the jury began its deliberations. Paul Caruso likewise stated to Judge Hall that he was unable to serve as counsel for appellants and that he "must state in good faith that I believe there exist no grounds for appeal."

After reciting these facts in an order dated July 16, 1964, Judge Hall stated that he was convinced that neither of the appellants is a pauper, and that defendants have no substantial ground for appeal. Further concluding that their appeals are "frivolous and malicious," the district court certified that the appeal is not taken in good faith. For these reasons the district court, in its order of July 16, 1964, denied appellants' motions to proceed in forma pauperis and to appoint counsel to represent them on appeal.

Compliance with the request of this court, contained in its order of June 3, 1964, that the district court appoint counsel to assist appellants in the presentation of the motions in question, although initially undertaken, was thus unfulfilled. Without according appellants the assistance of counsel with regard to the motions for leave to appeal in forma pauperis and for the assistance of counsel on the appeal, the district court denied those motions. Although a factual issue was presented as to whether appellants are indigent, such denial was without evidentiary or other hearing. Appellants were given no opportunity, as contemplated by our order of June 3, 1964, to renew in the district court their motion to be returned to the Los Angeles County jail pursuant to an asserted election not to commence service of their sentences.

Appellants have now, in effect, appealed from the district court order of July 16, 1964, denying their motions to proceed in forma pauperis and to appoint counsel to represent them on appeal; renewed in this court those motions and their motion to be returned to the Los Angeles County jail; and challenged the certificate of the trial court that the appeal is not taken in good faith.

■ We consider first the trial court's certificate that the appeal is not taken in good faith. Title 28, § 1915, U.S.C., provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that the appeal is not taken in good faith. But such a certificate is subject to challenge and an appellant, if indigent, is entitled to court-appointed counsel to assist in presenting such a challenge. Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed. 2d 593. Such appointed counsel are not to serve as *amici curiae*, but as advocates. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060.

It must therefore first be determined whether appellants are paupers within the meaning of section 1915. An issue of fact as to appellants' indigency was drawn in this court when appellants' motion to proceed in forma pauperis, and supporting affidavit, filed on May 18, 1964, was disputed in an answering memorandum filed in this court by the United States on May 21, 1964. It was partly because such an issue of fact had been drawn, which this court is not equipped to determine in the first instance, that this cause was remanded to the district court.

■ The district court's determination that appellants are not paupers in the section 1915 sense, made without evi-

dentiary hearing and without affording them the assistance of counsel as requested by this court, is insupportable. Nor is this court any more able to make such a factual determination in the first instance than we were at the time of the remand on June 3, 1964.

It is accordingly necessary to once more remand the cause to the district court for the purpose of acting upon the motions to proceed in forma pauperis and for appointment of counsel to assist appellants with their appeal. The district court is requested to appoint counsel to assist appellants in the presentation of those motions. It is acceptable for such appointment to be conditioned upon appellants' prior agreement in writing to compensate appointed counsel from any properties or funds now or hereafter coming into their possession or control, the amount of such compensation to be fixed by the district court.

If such counsel shall deem it necessary that appellants be present to testify at a hearing to determine their ability to pay the costs of the appeal and to retain counsel to represent them on the appeal, they may apply to the district court for a writ of habeas corpus ad testificandum, to secure the presence of appellants for that purpose.

In our order of June 3, 1964, it was provided that appellants might renew in the district court, upon the remand, their motion to be returned to the Los Angeles County jail. This motion was made in the purported exercise of the privilege accorded convicted persons, under Rule 38(a) (2), to elect not to commence serv-

ice of the sentence if an appeal is taken. Appellants alleged in their motion filed in this court that they had told their attorney at the time of sentencing that they desired to exercise such election and that they had protested to the United States Marshal when they were removed from the jail and transported to a federal prison in disregard of such election.

The memorandum filed by the United States in response to this motion drew into issue the question of fact as to whether there had been a timely election. It was for this reason that, in our order of June 3, 1964, appellants were accorded the right to renew, in the district court, the motion to be returned to the Los Angeles County jail. As this opportunity has not yet been afforded appellants, it is directed that on this second remand, counsel appointed to assist appellants in that court be provided such an opportunity, and that if such a motion is made, an evidentiary hearing be held thereon. What has been said above concerning the possible need for appellants to be present at the hearing applies alike to this motion.

Since Judge Hall has already expressed himself vehemently, both as to the matter of indigency and the merits of the appeal, we assume that he would not want to deal with these matters on this second remand. It is therefore ordered that the cause be remanded to the Honorable William C. Mathes, United States District Judge, Southern District of California, Central Division, for further proceedings consistent with this opinion.