United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60484
Summary Calendar

_____

LAWRENCE R. FLORENCE,

Plaintiff-Appellant,

versus

DELTA CORRECTIONAL FACILITY; C. BURNS, Assistant Warden;
UNKNOWN BRADLEY, Former Head Warden; DAWN PERRY, HSA; S. BAYMON,
Nurse; T. SHARKEY GREEN, Nurse; LINNIE DAVENPORT, Nurse; G.
PORTER, Former Nurse; B. BROWN, Correctional Officer; JERRY
PARKER, Warden; CHRISTOPHER EPPS, Commissioner; EMMITT SPARKMAN,
Deputy Commissioner; DR. UNKNOWN POUR; M. BECKUM, Nurse
Practitioner; JOHN FERGUSON, CEO - CCA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
(05-CV-208)
--------------------

Before JOLLY, DENNIS, AND CLEMENT, Circuit Judges.

PER CURIAM:*

Lawrence R. Florence, Mississippi prisoner # 32311, has
filed a motion for leave to proceed on appeal in forma pauperis
(IFP) following the district court's order dismissing his
42 U.S.C. § 1983 civil rights action for failure to state a
claim upon which relief may be granted. See 28 U.S.C.
§ 1915(e)(2)(B)(ii). By moving for IFP, Florence is challenging

_____

*Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the district court's certification that IFP status should not be granted because the appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Florence's IFP "motion must be directed solely to the trial court's reasons for the certification decision." See id.

Florence merely asserts that any absence of sufficient facts to state a claim was due to his unskilled pro se pleadings. He has not shown that the district court's determination that his appeal would be frivolous was incorrect. The instant appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Florence IFP status on appeal, we deny the motion for leave to proceed IFP, and we dismiss Florence's appeal as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Florence's motion for appointment of counsel to challenge the district court's certification is denied. Although in the context of direct criminal appeals we would appoint counsel to challenge the certification, see Johnson v. United States, 352 U.S. 565 (1957) (per curiam), there is no automatic right to appointment of counsel in a civil rights case. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Florence's challenge to the district court's certification does not present "exceptional circumstances" that would require the appointment of

counsel.  See Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991).

The district court's dismissal of Florence's action and our dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Florence that should he accumulate three strikes, he will be unable to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP DENIED; APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.