NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE ANTHONY BRIAN MALLGREN

---

2013-1258

---

Appeal from the United States District Court for the Southern District of New York in No. 13-CV-1124, Judge Loretta A. Preska.

---

## ON MOTION

---

Per Curiam.

## O R D E R

Anthony Brian Mallgren moves for leave to proceed *in forma pauperis,* which is also treated as a motion to reinstate.

Mr. Mallgren filed a complaint in the United States District Court for the Southern District of New York alleging that he was unable to obtain a patent because he could not pay the application fee.

According to Mr. Mallgren's complaint, the fee constituted a violation of the Ninth Amendment of the Constitution, which provides: "The enumeration in the

Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

Mr. Mallgren moved to proceed *in forma pauperis*, which was granted by the district court. Shortly after the filing of the complaint, however, the court dismissed the suit as frivolous. The court explained that Mr. Mallgren had failed to establish any Ninth Amendment violation, and thus presented no legal theory in support of his complaint.

The district court further certified that any appeal from its order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). When a district court has so certified, a litigant may still file a motion for leave to proceed *in forma pauperis* with the appellate court. *See* Fed. R. App. P. 24(5). In evaluating such requests, however, the court entitles "great weight" to the district court's decision that an appeal should not be taken. *Coppedge v. United States*, 369 U.S. 438, 455 (1962) (citing *Johnson v. United States*, 352 U.S. 565, 566 (1957).

Based on this court's own review, the motion for leave to proceed *in forma pauperis* is denied. To the extent that Mr. Mallgren wishes to pursue his constitutional challenges it may be the better course for him to seek review from a decision of the Patent and Trademark Office denying his patent applications. To the extent that he still wishes to pursue this current case, the appeal will only be reinstated if Mr. Mallgren pays the regular court filing fee within 60 days from the date of this order.

Accordingly,

IT IS ORDERED THAT:

The motion is denied.

3                                          IN RE MALLGREN


FOR THE COURT


 /s/  Daniel E. O'Toole
     Daniel E. O'Toole
     Clerk


s19