NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2006

_____

UNITED STATES OF AMERICA

v.

ALTESE MOORE,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 2-20-cr-00622-001)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted under Third Circuit LAR 34.1(a)
on January 12, 2023

Before: JORDAN, PHIPPS and ROTH, <u>Circuit Judges</u>

(Opinion filed July 21, 2023)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge

When Altese Moore pleaded guilty to possession with intent to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking crime, he waived his right to appeal. Still, he comes before us, appealing his sentence. His counsel moves to withdraw under *Anders v. California*.[1] Because the appeal is without merit, we will grant the motion to withdraw and affirm the judgment of the District Court.

**I.**

In the early morning hours of March 30, 2019, law enforcement in Newark, New Jersey noticed three young men. These individuals were in violation of the city's juvenile curfew. The officers approached the young men, and Moore ran. During the pursuit, Moore removed a handgun from his waist and pointed it at law enforcement. Law enforcement struck Moore on the back of his head, causing him to fall to the ground. While conducting a search, officers discovered that the gun had a bullet in the chamber, five more bullets in the magazine, and a clear plastic bag with nineteen vials of cocaine on Moore's person.

Moore pleaded guilty to two counts, one for possession with intent to distribute cocaine base (crack), in violation of both 21 U.S.C. § 841(a)(1) and (b)(1)(C), and a second count for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). At his plea hearing, Moore stipulated that he entered into his

_____

[1] 386 U.S. 738 (1967).

plea agreement knowingly and voluntarily, and had reviewed the agreement with the guidance of his attorney.[2]

As the District Court explained, Moore's plea agreement stated that he could not "come back later and appeal, challenge, or attack the fact that the [District Court had] accepted these factual stipulations."[3] The agreement itself states that "Moore waive[d] certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255."[4] When asked during his sentencing hearing whether it was his "intention to voluntarily waive [this] right to appeal," Moore answered in the affirmative.[5]

In accordance with the factors enumerated in 18 U.S.C. § 3553(a), the court sought to "impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of what occurred, promote respect for the law, and provide just punishment."[6] At sentencing, the District Court "struggle[d] to . . . find a justifiable basis to . . . vary downward" from the guideline-range sentence on the distribution charge.[7] The District Court also imposed the mandatory minimum sentence for the firearm offense. As such, the District Court imposed a prison term of 15 months for Count 1 and 60 months for Count 2, to run consecutively for a total incarceration term of 75 months.[8]

---

[2] SA 19–20.
[3] SA 22.
[4] SA 3.
[5] SA 23.
[6] SA 44.
[7] SA 45.
[8] SA 46–47.

Shortly after judgment was entered against Moore, he filed a Notice of Appeal. According to the Criminal Appeal Information Statement filed with this Court, Moore is challenging the judgment of conviction as it pertains to his sentence. More particularly, this appeal challenges only the validity of the sentence imposed.

## II.[9]

Every defendant has a "right to full appellate review,"[10] including those "who may not be able to afford such an expense."[11] However, the Supreme Court held in *Anders* that, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw"[12] because an appeal must proceed in "good faith."[13] A request to withdraw under *Anders* "must . . . be accompanied by a brief referring to anything in the record that might arguably support the appeal."[14] If a reviewing court finds the appeal "wholly frivolous . . . . it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned."[15] We have set forth a two-part test to evaluate an *Anders* application: "(1) whether counsel

---

[9] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We also have plenary review over questions of law derived from a plea agreement. *See United States v. Bentz*, 21 F.3d 37, 38 (3d Cir. 1994). The first issue before us is whether there are any non-frivolous issues on appeal. There is no dispute between counsel, in their briefs, that there are no non-frivolous issues on appeal. However, because *Anders* requires us to review the record independently, we will nonetheless do so.

[10] *Eskridge v. Washington State Bd. of Prison Terms & Paroles*, 357 U.S. 214, 216 (1958).

[11] *Anders*, 386 U.S. at 741.

[12] *Id.* at 744.

[13] *Id.* at 741 (citing *Johnson v. United States*, 352 U.S. 565 (1957)).

[14] *Id.* at 744.

[15] *Id.*

4

adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."[16] We will evaluate each in turn.

**A.**

Counsel has two duties under the first *Anders* prong: "(1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous."[17] After applying the first part of the rule to the record, we are satisfied that the counsel has thoroughly examined the record. Moore's counsel used the Presentence Investigation Report for the statement of facts.[18] Moreover, the basis for Moore's appeal was the validity of his plea and sentencing hearings. In his brief, Moore's counsel recounts each hearing, highlighting the key facts from both.

Moore's counsel then used these key facts to illustrate why this appeal was wholly frivolous. As it relates to the plea hearing, Moore's counsel demonstrated that Moore's plea was knowingly and voluntarily entered into by citing to his own affirmances that the plea was so.[19] The same is true with the sentencing hearing, where counsel exemplified the District Court's conclusion that a downward variance was not warranted based on the facts presented. Indeed, Moore has the same counsel on appeal as he did before the District Court. Counsel was intimately aware of the proceedings before that court. As

---

[16] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citing *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000).

[17] *Id.*

[18] In *Youla*, we found that a failure to discuss the recommend adjusted offense level in a presentence investigation report to be indicative of a failure of thorough examination of the record. *Id.* at 300–01.

[19] Opening Br. at 7–8.

such, counsel filed a motion to be relieved as counsel under *Anders*, stating that he "did not believe that there were any issues that could be appealed to the Court of Appeals."[20]

We find that Moore's counsel demonstrated that he adequately reviewed the record to determine whether there were any non-frivolous issues on appeal.

**B.**

The second *Anders* prong requires us to conduct an independent review of the record to determine whether any non-frivolous issues exist. We begin by reviewing Moore's plea hearing. As to the charges against him, Moore "stipulate[d] that . . . [he] did intentionally and knowingly possess with the intent to distribute approximately 19 vials of cocaine base."[21] Moore also "stipulated" that he "possessed a nine-millimeter High Point semiautomatic handgun bearing a defaced or obliterated serial number and loaded with six rounds of ammunition."[22] By Moore's own admission, he pleaded guilty because he was "in fact, guilty of the crime[s] charged."[23] Therefore, Moore's guilty plea satisfies the "constitutional requirement that a guilty plea be 'knowing' and 'voluntary.'"[24] It would be frivolous to seek a contrary determination.[25]

The District Court could have departed downward from these guidelines, as Moore requested. However, the fact that the court did not do so does not make Moore's sentence

---

[20] ECF No. 21 at 2.

[21] SA 21.

[22] SA 21.

[23] SA 25, 26.

[24] *United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006).

[25] *See Youla*, 241 F.3d at 301 ("An appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" (alteration in original) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

6

unreasonable. Unreasonableness requires something more, such as a showing that "no reasonable sentencing court would have imposed the same sentence."[26] We do not find his sentence unreasonable. The District Court weighed the § 3553(a) factors before imposing a sentence of 75 months. As Moore's counsel himself stated, Moore's sentence was not only within the guideline range, but was at the lowest end of that range.[27] Because the guidelines were properly calculated, and because Moore received a sentence within that guideline range, his sentence was presumptively reasonable.[28]

The issues raised by Moore himself are frivolous. In a *pro se* brief to this Court, Moore claimed that his counsel was ineffective because he was told that his sentence would be 60 months.[29] As the government indicates in their brief, ineffective assistance of counsel claims are seldom cognizable on direct appeal because district courts are better positioned to deal with these issues first.[30] Moreover, many of the issues that he raises in his brief were already addressed by the District Court at sentencing.

## III.

For the foregoing reasons, we find that Moore's counsel has satisfied the requirements enumerated in *Anders v. California*. As such, counsel for Moore may withdraw, and we will affirm.

---

[26] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).
[27] SA 35.
[28] *See Rita v. United States*, 551 U.S. 338, 352 (2007); *United States v. Woronowicz*, 744 F.3d 848, 852 (3d Cir. 2014).
[29] ECF No. 38 at 1–2.
[30] Gov. Br. at 13 (citing *United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir. 2003)).