**UNITED STATES of America,**
**Appellee,**

v.

**Ralph J. VISCONTI, Appellant.**

**Nos. 25298, 25400.**

United States Court of Appeals
Second Circuit.

Submitted Oct. 27, 1958.

Decided Nov. 17, 1958.

Ralph John Visconti, pro se.

Arthur H. Christy, U. S. Atty., New York City, contra. Donald H. Shaw, Asst. U. S. Atty., New York City, of counsel.

Before SWAN and MOORE, Circuit Judges, and KAUFMAN, District Judge.

PER CURIAM.

In 1957, after a jury trial, Visconti and another defendant were convicted of narcotics violations and were sentenced by Judge Levet to imprisonment for a term of eight years on count 1 and five years on count 4, to run concurrently. On appeal the judgment was affirmed by this court, United States v. Romero, 249 F.2d 371, and certiorari was denied January 20, 1958. Thereafter the defendants made a timely motion under Rule 35 F.R.Cr.P., 18 U.S.C.A., for reduction of

sentence. This motion was denied by Judge Levet without opinion. Treating the motion as a petition under 28 U.S.C.A. § 2255, Judge Dimock granted Visconti leave to appeal *in forma pauperis*. Although Judge Dimock thought the appeal frivolous, he was of opinion that Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 and Jaffe v. United States, 2 Cir., 246 F.2d 760, required him to hold "that it cannot be said an otherwise frivolous appeal is not taken in good faith unless the appellant is conscious of its frivolity." Visconti, who is presently incarcerated in the federal penitentiary at Leavenworth, Kansas, now moves for assignment of counsel to aid him in the prosecution of this appeal, and the United States has cross-moved to dismiss the appeal.

■ The appeal from Judge Levet's order is utterly devoid of merit. Three errors are asserted by Visconti. The first is that he was sentenced without a presentence investigation and report. This claim is based on an erroneous reading of Rule 32(c) F.R.Cr.P. which plainly makes the ordering of such a report discretionary with the sentencing judge. Judge Levet dispensed with one in this case. The second contention is that the sentencing judge accepted the Assistant United States Attorney's statement that upon conviction of violating 21 U.S.C.A. § 174 a sentence of imprisonment was mandatory. So it was. The penalty provision of that section as amended provides that the offender "shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000." The third contention is that the sentencing judge erroneously applied the provisions of 26 U.S.C.A. § 7237(d) although Visconti had not been convicted under Title 26.

This claim overlooks the fact that the provisions of § 7237(d) incorporate by reference § 174 as amended of Title 21.

■ Although we are convinced that the appeal is frivolous, there remains the question whether we may dismiss it without first assigning counsel for Visconti as he requests. In two recent cases where the trial court had denied leave to appeal *in forma pauperis*, the Supreme Court held that the court of appeals in reviewing the denial must provide the services of counsel.[1] These cases, however, involved appeals from judgments. We do not believe that the same requirement applies where as here the petitioner, having already had an appeal from the judgment of conviction, seeks to appeal the denial of a motion to reduce sentence. Young v. United States, 8 Cir., 1957, 246 F.2d 901, certiorari denied 1958, 355 U.S. 917, 78 S.Ct. 348, 2 L.Ed.2d 277. Further, in the present case we are of the opinion that Visconti's contentions are so utterly lacking in merit that the assignment of counsel would be but a meaningless form.[2]

■ Nor do we agree with Judge Dimock's finding that subjective good faith on the part of the petitioner entitles him to appeal *in forma pauperis* even though the appeal is found by the court to be utterly frivolous. In the Ellis case, 356 U.S. 674, at page 675, 78 S.Ct. 974, at page 975 the opinion states:

> "Unless the issues raised are so frivolous that the appeal could be dismissed in the case of a nonindigent litigant, Fed.Rules Crim.Proc. 39(a), 18 U.S.C.A., the request of an indigent for leave to appeal *in forma pauperis*, must be allowed."

The intimation is plain that, if the appeal is frivolous, leave need not be granted.

1. Johnson v. United States, 1957, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593; Ellis v. United States, 1958, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060. See also Farley v. United States, 1957, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529.

2. While ordinarily the merit of petitioner's contentions is not a relevant consideration on an application for the assignment of counsel, we believe that the Ellis rationale does not extend to cases where, even accepting all of petitioner's contentions as true, he does not raise at least an arguable issue. This is such a case.

Compare subdivision (d) with subdivision (a) of 28 U.S.C.A. § 1915. We think Judge Dimock erred in granting leave to appeal *in forma pauperis*. We cannot believe that in enacting 28 U.S.C.A. § 1915 the Congress intended to permit the courts of appeal to be flooded with appeals completely lacking in merit merely because laymen appellants may think them meritorious.

Accordingly Visconti's motion for assignment of counsel is denied, and the cross-motion to dismiss the appeal is granted.

 We now turn to the motions connected with the second appeal. On February 24, 1958 Visconti applied to Judge Noonan for a writ of habeas corpus, contending that he was twice put in jeopardy by counts one and three of the indictment, and that the indictment was obtained fraudulently in that it contained allegations not stated in a complaint originally filed in the case. This application was denied by Judge Noonan on March 13, 1958. Later the same points were raised in a similar application which was denied by Judge Dimock. Though believing the appeal frivolous, he granted leave to appeal *in forma pauperis*. Visconti now moves for a writ of habeas corpus in order that he may appear and argue *pro se* this second appeal. The United States cross-moves to dismiss the appeal.

It cannot be doubted that in appropriate circumstances this court can order a prisoner to be brought to the court room to argue his own appeal. Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356. However, as the Price opinion emphasizes at pages 284–285 of 334 U.S., at page 1059 of 68 S.Ct., the power is discretionary and the discretion should be exercised with circumspection. In the case at bar no reason appears for exercising it in Visconti's favor. His appeal raises only questions of law and they are utterly lacking in merit. He first claims double jeopardy. Since count three required proof of a fact not necessary to be proved under count one, the contention that he was twice put in jeop-

ardy for the same offense is frivolous. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Ross v. United States, 9 Cir., 103 F.2d 600, 602. Moreover, the trial judge did not submit count three to the jury. His second contention that the indictment was fraudulently obtained is likewise frivolous. Furthermore, since the alleged defect in the indictment was not raised before trial, it was waived. See United States v. Garnes, 2 Cir., 258 F.2d 530, 534.

Defendant's motion to be brought to New York to argue his appeal *pro se* is denied, and the cross-motion to dismiss this appeal is granted.