Patricia E. R. Baruth **MEYER**

v.

**STATE OF NEW YORK and City of New York.**

No. 71 Civ. 977.

United States District Court, S. D. New York.

May 3, 1971.

1378

Patricia E. R. Baruth Meyer, pro se.

PALMIERI, District Judge.

Plaintiff moves pursuant to 42 U.S.C. § 1983 (Civil Rights Act) alleging a violation of her "constitutional rights to freedom of religion and due process of law." The State of New York has moved, pursuant to F.R.Civ.P. 12(b) (6), to dismiss for failure to state a claim upon which relief may be granted. Plaintiff's complaint is prolix and nearly incomprehensible, but she seems to be challenging the mandatory physical examination required by the New York Board of Education of its employees.

In the first instance, plaintiff's complaint is jurisdictionally defective, as neither the City nor the State of New York is a "person" within the purview of the act. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

Moreover, while it is the policy of the federal courts to make pleading requirements as flexible as possible (see Nagler v. Admiral Corp., 248 F.2d 319 (2d Cir., 1957)), plaintiff has not sufficiently alleged a basis for maintaining a suit under the act. Particularly, "in a civil action for damages under the Civil Rights Act against public officials, highly specific facts are required to be alleged." Roberts v. Barbosa, 227 F.Supp. 20, 22 (S.D.Cal.1964).

In respect to the *in forma pauperis* statute (28 U.S.C. § 1915(a)), it is certified that any appeal from this order is not taken in good faith. In this context good faith is judged by an objective standard, and, if an appeal is frivolous, it is not taken in good faith. Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); United States v. Visconti, 261 F.2d 215, 218 (2d Cir. 1958), cert. denied 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 762 (1959).

The complaint is dismissed. It is so ordered.