**Millicent LINDEN, Plaintiff,**

v.

**HARPER AND ROW PUBLISHERS,
Defendant.**

**No. 79 Civ. 6900 (VLB).**

United States District Court,
S. D. New York.

May 21, 1980.

298

Millicent Linden pro se.

Alfreida B. Kenny Harrell, Asst. Gen. Counsel, New York City, for defendant.

ORDER

VINCENT L. BRODERICK, District Judge.

Plaintiff *pro se* has moved under 28 U.S.C. § 1915 and Rule 24, Fed.R.App.P., for leave to appeal *in forma pauperis* my dismissal of her complaint on grounds of *res judicata.*[1] Her motion is denied.

28 U.S.C. § 1915(a) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

1. My granting of defendant's motion for summary judgment resulted in the dismissal of plaintiff's complaint. Plaintiff's motion to reconsider my granting of summary judgment was granted. On reconsideration I adhered to my earlier determination.

2. Rule 24(a) provides that a motion to proceed on appeal *in forma pauperis* may be filed in the Court of Appeals if leave is denied in the district court:

If a *motion for leave to proceed on appeal* in forma pauperis is denied by the district court, or if the district court shall certify that the appeal is not taken in good faith or shall

Rule 24, Fed.R.App.P., provides, in pertinent part:

(a) Leave to Proceed on Appeal in Forma Pauperis from District Court to Court of Appeals. A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit showing, in the detail prescribed by Form 4 of the Appendix of Forms, his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, and a statement of the issues which he intends to present on appeal. . . . If the motion is denied, the district court shall state in writing the reasons for the denial.

Notwithstanding the provisions of the preceding paragraph, a party who has been permitted to proceed in an action in the district court in forma pauperis, or who has been permitted to proceed there as one who is financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization unless, before or after the notice of appeal is filed, the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event the district court shall state in writing the reasons for such certification or finding.[2]

In *Jaffe v. United States*, 246 F.2d 760 (2d Cir. 1957) (Hand, J.), a civil case, a distinction was drawn between the "good faith" standard applicable to motions for stenographic transcripts prepared at

find that the party is otherwise not entitled to proceed in forma pauperis, the clerk shall forthwith serve notice of such action. A motion for leave so to proceed may be filed in the court of appeals within 30 days after service of notice of the action of the district court. The motion shall be accompanied by a copy of the affidavit filed in the district court, or by the affidavit prescribed by the first paragraph of this subdivision if no affidavit has been filed in the district court, and by a copy of the statement of reasons given by the district court for its action.

government expense under 28 U.S.C. § 753(f) and the standard applicable to motions for leave to appeal *in forma pauperis* under 28 U.S.C. § 1915(a). *Jaffe* implicitly suggested that while a subjective standard obtained with respect to motions for permission to appeal *in forma pauperis*, an objective standard was to be applied to applications for a free transcript:

> An appeal not taken in "good faith," as described in § 1915(a) is not the same as a "frivolous" appeal [for purposes of § 753(f)], for bad faith imports a consciousness of frivolity as distinct from frivolity, simpliciter.

246 F.2d at 761.

The following year in a criminal case, the Supreme Court indicated, in somewhat negative fashion, that "good faith" under section 1915 is subject to some objective testing—the issue presented may not be "plainly frivolous," *Ellis v. United States*, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958) (per curiam):

> In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. *Farley v. United States*, 354 U.S. 521 [77 S.Ct. 1371, 1 L.Ed.2d 1529]. The good faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, Fed.Rules Crim.Proc. 39(a), [18 U.S.C.A.,] the request of an indigent for leave to appeal *in forma pauperis* must be allowed.[3]

*Id.* at 674–75, 78 S.Ct. at 975.

Later the same year, again in a criminal case, the Second Circuit relied on the *Ellis* language to deny an appellant's motion for assignment of counsel and to dismiss an appellant's appeal from an order dismissing his application to reduce sentence under Rule 35, Fed.R.Crim.P., after the district court had construed the motion as a petition under 28 U.S.C. § 2255 and granted leave to appeal *in forma pauperis*. Commenting on the last sentence of the *Ellis* language quoted above, the court stated:

> The intimation is plain that, if the appeal is frivolous, leave need not be granted. Compare subdivision (d) with subdivision (a) of 28 U.S.C.A. § 1915. . . . We cannot believe that in enacting 28 U.S. C.A. § 1915 the Congress intended to permit the courts of appeal to be flooded with appeals completely lacking in merit merely because laymen appellants may think them meritorious.

*United States v. Visconti*, 261 F.2d 215, 217–18 (2d Cir. 1958) (per curiam).[4]

An objective test of good faith was expressly adopted for section 1915(a) motions in criminal appeals in *Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962):

> What meaning should be placed on the "good faith" of which the statute speaks? In the context of a criminal appeal, we do not believe it can be read to require a

---

3. In *Ellis v. United States*, it was stated that "allowance of an appeal should not be denied until an indigent has had adequate representation by counsel." *Id.* at 675, 78 S.Ct. at 975. This was, as noted, in the context of a criminal case.

4. Appellant in *Visconti* moved in the Court of Appeals for assignment of counsel. The court recognized that the Supreme Court in *Ellis v. United States, supra*, and in *Johnson v. United States*, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957), had held that in reviewing denials of leave to appeal *in forma pauperis* a court of appeals must provide counsel. It distinguished those cases as involving appeals from judgments, and held that the requirement did not apply to an appeal from denial of a motion to

reduce sentence, and where appellant's contentions lacked merit:

> These cases, however, involved appeals from judgments. We do not believe that the same requirement applies where as here the petitioner, having already had an appeal from the judgment of conviction, seeks to appeal the denial of a motion to reduce sentence. *Young v. United States*, 8 Cir., 1957, 246 F.2d 901, certiorari denied 1958, 355 U.S. 917, 78 S.Ct. 348, 2 L.Ed.2d 277. Further, in the present case we are of the opinion that Visconti's contentions are so utterly lacking in merit that the assignment of counsel would be but a meaningless form.

261 F.2d at 217 (footnote omitted).

District Court to determine whether the would-be appellant seeks further review of his case in *subjective* good faith, *i. e.*, good faith from his subjective point of view. Such a construction would deprive the legislation of sensible meaning, there probably being no convicted defendant who would not sincerely wish a Court of Appeals to review his conviction. Further, a subjective standard might suggest that only persons who, in good conscience, could insist on their innocence, are to be entitled to a review of their convictions without payment of costs. We believe this interpretation of the statute is not required by reason nor is it consistent with the sound administration of criminal justice in the federal courts. We hold, instead, that "good faith" in this context must be judged by an *objective* standard. We consider a defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous. In so doing, we note that if *in forma pauperis* litigation is attempted for reasons that may genuinely be characterized as the litigant's "bad faith," express authority exists in 28 U.S.C. § 1915(d) for dismissal of the cause as frivolous.

369 U.S. 438, 444–445, 82 S.Ct. 917, 920–921 (emphasis in original) (footnotes omitted).

■ While *Coppedge, supra,* was a criminal case, it entails the interpretation of the language and import of section 1915. If an objective standard is to be applied to applications for *in forma pauperis* appeals in criminal cases, where the court must be constantly alert to the constitutional rights of the defendant, it should also be applied

to such applications in civil cases.[5] In civil as well as in criminal cases most appellants will subjectively pursue their appeals in good faith, whatever their merits. Failure to apply an objective standard may result in frivolous appeals, sincerely pursued, flooding the courts of appeal. I am constrained, therefore, to consider the question of whether plaintiff's appeal is frivolous.

Plaintiff's motion sets forth that the issues she desires to present on appeal are "good cause; denied new evidence."

■ Plaintiff's complaint, which alleges infringement of copyright, essentially tracks her complaint in a previous action in which, after a bench trial, I directed judgment for the defendant, a result which was affirmed on appeal. Her essential contention is that in dismissing her current complaint I have failed to consider "new evidence," and she apparently believes that if I had considered it the bar of *res judicata* would have been negated. This "new evidence" consists of conclusory statements regarding the innovativeness of her copyrighted design for a pattern of exercises and the as-yet-unrecognized scientific merit of the principles on which her design is based. These matters do not constitute new evidence. While, therefore, I do not question the subjective sincerity or good faith of plaintiff in pursuing the matter, I find plaintiff's appeal, viewed objectively, to be plainly frivolous *as a matter of law.*

This order constitutes my certification in writing pursuant to 28 U.S.C. § 1915(a).

SO ORDERED.

---

**5.** A footnote in *Coppedge v. United States, supra,* does suggest that the *Coppedge* decision was not intended to be determinative with respect to a question not before the Court, that of the appropriate standard for civil appeals. The following sentence from *Coppedge,* contained in the quotation on pages 299–300, *supra*

In the context of a criminal appeal, we do not believe it can be read to require a District Court to determine whether the would-be appellant seeks further review of his case in *subjective* good faith *i. e.,* good faith from his subjective point of view. (emphasis in original)

was footnoted as follows:

In discussing the "good faith" requirement of what is now 28 U.S.C. § 1915(a), Senator Bacon of the Senate Judiciary Committee said:

"When a judge has heard a case and it is about to be carried to an appellate court, he . . . is in a position to judge whether it is a case proceeding captiously, or viciously, or with prejudice, or from any other improper motive, or whether the litigant is proceeding in good faith." 45 Cong.Rec. 1533 (1910).

However, he was discussing primarily civil suits. And see *Jaffe v. United States,* 246 F.2d 760 (C.A. 2d Cir.) (civil case). . . . 369 U.S. at 444 n. 8, 82 S.Ct. at 920–921 n. 8.