**John BROWN, Plaintiff,**

v.

**Senior Parole Officer DE FILIPPIS, et al., Defendants.**

**No. 87 Civ. 3498 (RWS).**

United States District Court, S.D. New York.

April 11, 1989.

---

John Brown, Woodbourne, N.Y., pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for defendants; Brian T. McGovern, Asst. Atty. Gen., of counsel.

## OPINION

SWEET, District Judge.

Plaintiff *pro se* John Brown ("Brown"), proceeding *in forma pauperis,* moved the court on March 14, 1989 and on March 18, 1989, pursuant to Rules 45(c) and (d), Fed. R.Civ.P. and 28 U.S.C. § 1825, to allow service of a deposition subpoena by the United States Marshal to compel the depositions of attorney Thomas J. Marlow ("Marlow") and defendant Bobby Carter ("Carter"). The deposition was to take place March 28, 1989. Brown has moved to dispense with the payment of a security prior to bringing the action and to waive deposition expenses. No opposition papers have been submitted. For the reasons set forth below, Brown's first two requests are granted and the third request is denied.

The requested service is allowed under Rule 45(c), Fed.R.Civ.P.. However, service is not complete unless fees are tendered to the witness. *Id.* A witness is entitled to $30 per day for each day's attendance. 28 U.S.C. § 1821(a)(1) and (b) (1988).

Brown seeks to waive payment of expenses for the purpose of the deposition, as well as to dispense with the requirement that he give a security during the pendency of the action. 28 U.S.C. § 1915 gives this court permission, where the movant proceeds *in forma pauperis,* to authorize commencement, prosecution or defense of a proceeding without prepayment of fees and costs or security.

Courts have interpreted the "fees and costs" of § 1915 as "expenses whose payment can be held to be a requisite to any reciprocal action," including the filing fee (28 U.S.C. § 1914), the Marshall's fee for service of process (28 U.S.C. § 1921) and the daily attendance fee and mileage allowance which must be presented to a prospective witness (Fed.R.Civ.P. 45(c)). *Marks v. Calendine,* 80 F.R.D. 24, 28 (N.D.W.Va. 1978), *aff'd, Flint v. Haynes,* 651 F.2d 970

(4th Cir.1981), *cert. denied*, 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982). *See also Partee v. Lane*, 528 F.Supp. 1254, 1265 (N.D.Ill.1981), *Barcelo v. Brown*, 655 F.2d 458, 462 (1st Cir.1981).

■ This is not the equivalent of a full waiver of fees however. A proceeding *in forma pauperis* under 28 U.S.C. § 1915 entitles a plaintiff to a waiver of the pre-payment of court costs, *Barcelo v. Brown*, 655 F.2d at 462, and generally contemplates a postponement of fees and costs during the prosecution of the action. *Pasquarella v. Santos*, 416 F.2d 436, 437 n. 2 (1st Cir.1969); *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir.1981), *cert. denied*, 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982). It does not completely immunize an indigent litigant from eventual liability for costs. *Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir.1988).

■ Service of the deposition subpoena upon Carter without the prepayment of a security or other costs or fees under 28 U.S.C. § 1915 as discussed above will be permitted. Carter, as a party to the action, is not entitled to witness fees.

■ With respect to service upon Marlow, the Marshal has no authority to pay these fees under 28 U.S.C. § 1825(b) because Brown is bringing an action under 42 U.S.C. § 1983, not a writ of habeas corpus nor an action under 28 U.S.C. § 2255. Nor does 28 U.S.C. § 1825(c) apply to waive the fees upon service of the subpoena because payment of the fees is not authorized to be made by the Marshal under section 1825(c).

The Fifth, Sixth and Seventh Circuits have all held that a complete waiver of witness fees is not permitted under § 1915. The Sixth Circuit in *Johnson* denied the request of a pro se plaintiff proceeding *in forma pauperis* for the court to pay his witness fees. *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir.1983), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983). The court held that "only where such fees may be waived by statute can a party seek such a waiver." *Id.* at 289. The court reasoned that had Congress intended to allow the court to pay for witness

fees in civil cases where the moving party is indigent, as is provided for in criminal cases under § 1825, Congress would have amended § 1915 at the time it passed § 1825. The Sixth Circuit thus concludes that § 1915 does not provide statutory authority to require a court to pay witness fees. *Id.* at 290. Although it did not adopt the Sixth Circuit's legislative intent analysis, the Eighth Circuit agreed with the outcome of *Johnson*, and held that § 1915 does not expressly or implicitly authorize government payment of a civil indigent's witness fees and expenses. *See United States Marshall Service v. Means*, 724 F.2d 642 (8th Cir.1983).

In *McNeil v. Lowney*, 831 F.2d 1368 (7th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988), the Seventh Circuit, relying on *Johnson*, held that the district court's denial of an *in forma pauperis* plaintiff's motion to issue a deposition subpoena, where the plaintiff could not pay witness fees, was not an abuse of discretion. The Court of Appeals noted that the district court had no statutory authority to waive the payment of witness fees. *Id.* at 1373.

■ However, there is statutory authority to permit Brown to serve the deposition subpoena on Marlow without prepayment of the required fees under 28 U.S.C. § 1915 as discussed above.

For the reasons set forth above, Brown's motion for service of the deposition subpoena is granted without prepayment of any fees. However, a full waiver of Brown's payment of deposition expenses, including Marlow's witness fees is denied.

It is so ordered.