**UNITED PARCEL SERVICE OF AMERICA, INC., Plaintiff,**

**v.**

**THE NET, INC., and John Does 1–10, Defendants.**

**No. CV 99–7059(ADS)(ARL).**

United States District Court, E.D. New York.

Jan. 8, 2007.

King & Spalding by Keith E. Sharkin, Esq., New York City, for Plaintiff.

Keith Maydak, N. Versailles, PA, Pro se Intervening–Defendant.

The Net, Inc., No Appearance.

## MEMORANDUM OF DECISION AND ORDER .

SPATT, District Judge.

United Parcel Service of America, Inc. ("UPS" or the "Plaintiff") commenced this action alleging that The Net, Inc. ("The Net") and John Does 1 through 10 (collectively, the "Defendants") engaged in trademark dilution and infringement, unfair competition, deceptive business practices, cyberpiracy, and misappropriation of the Plaintiff's goodwill, reputation, and business property. Presently before the Court is a motion by intervening-defendant Keith Maydak ("Maydak"), appearing *pro se,* for leave to proceed in forma pauperis on appeal.

## I. *BACKGROUND*

The background of this case is incorporated in this Court's previous orders dated February 15, 2002, March 8, 2003, January 15, 2005, April 20, 2006 and October 20, 2006, familiarity with which is presumed. The relevant history and facts are repeated for the purpose of addressing the instant motion.

On or about June 9, 1997, the Defendant, The Net, Inc., registered the domain name "ups.net" with InterNIC through Network Solutions, Inc. ("NSI"), which handles domain name registration services for InterNIC. The Plaintiff did not license or authorize the Defendants to use the mark UPS and did not authorize the Defendants to register the name "ups.net." On November 1, 1999, UPS filed a complaint, and on January 26, 2000, UPS filed an amended complaint. In an Order dated May 18, 2000, the Court granted a motion by UPS to deposit the original NSI Registrar Certificate, which registered the domain name "ups.net", into the Registry of the Court. The Court's Order provided, among other things, that this deposit had the effect of tendering to the Court complete control and authority over the registration of the "ups.net" domain name registration record.

On June 22, 2000, the Court received an affidavit of service stating that on May 31, 2000, Gianfranco Mitrione served copies of the amended summons and complaint on: (1) The Net, Inc., at 1344 Broadway, Suite 211, Hewlett, New York, 11557; and (2) The Net, Inc., c/o Randy Epstein, 7333 Ashley Shores Circle, Lake Worth, Florida, 33467.

In a notice dated February 21, 2001, the Court advised counsel for the Plaintiff that it was considering dismissing the action for failure to prosecute because there had been no activity for more than five months. In a motion dated March 5, 2001, UPS requested that the Court enter a default judgment against the Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure.

In a letter dated March 13, 2001, nonparty Maydak, who was then incarcerated in Canada with claims of more than $500,000 in legal judgments against him, informed the Court that, among other things, (1) he is the proprietor of The Net; (2) he was willing to accept service on behalf of The Net; (3) he wished to appear on behalf of The Net; (4) he had learned of the lawsuit from a third party; (5) he had not received any of the papers that had been filed in the case; and (6) he wanted to file a motion to dismiss the complaint on the ground that the Plaintiff failed to properly serve copies of the sum-

mons and complaint. Maydak also moved to vacate the default that had been entered against The Net.

In an order dated April 16, 2001, the Court denied Maydak's motion to vacate the default that had been entered against The Net and determined that Maydak could not represent The Net because he is not an attorney. On May 18, 2001, the Court received four motions from Maydak: (1) a motion by The Net, by and through its sole proprietor, Maydak, for reconsideration of the April 16, 2001 order directing The Net to appear through counsel; (2) a motion to compel service of the complaint on him as the real party in interest; (3) a motion for leave to intervene as a defendant in this case; and (4) a motion to dismiss the complaint as moot on the ground that the domain name "ups.net" is no longer registered to The Net.

In the Order dated February 15, 2002, the Court permitted Maydak to represent The Net *pro se* in federal court based on Maydak's assertion that he is the sole owner and proprietor of The Net, to which UPS had not objected. As a result, the Court vacated its April 16, 2001 order. The Court noted that if, during the course of the litigation, it becomes clear that The Net is a corporation, partnership or association, or has taken on an existence separate from Maydak, The Net will be required to retain counsel. The Court granted Maydak's motion to vacate the default judgment because it found that, (1) The Net's default was not willful; (2) setting aside the default would not prejudice UPS; and (3) The Net set forth a meritorious defense. In 2003 this Court declined to decide Maydak's motions to intervene and dismiss because there were numerous disputes of material fact and contradictions between the parties. The Court directed the parties to proceed with discovery to determine Maydak's involvement with ups. net.

On June 14, 2004 Maydak filed a renewed motion to intervene and dismiss the amended complaint. On January 15, 2005, the Court issued a Memorandum of Decision and Order denying the motion by *pro se* intervenor Maydak. The Court determined that Maydak was not a proper party to this action and did not have standing. The Court determined that Maydak failed to offer any credible evidence of his connection to the Defendants. The Court also determined that Maydak's own conclusory allegation that he operated The Net—a business dealing exclusively with the internet—from prisons that do not have internet access was absurd. In fact, the Court determined that, the evidence revealed that in 1999 Maydak initiated a lawsuit against an entity named The Net, Inc. and alleged that Michael Sussman operated The Net. The Court determined that Maydak was unable to offer any tangible proof to support his allegation that he operates The Net as a going business concern. As a result, the Court denied Maydak's motions, entered a default judgment against The Net and referred the matter to United States Magistrate Judge Arlene R. Lindsay to conduct an inquest as to damages.

On December 19, 2005, Judge Lindsay issued a Report and Recommendation (the "Report") recommending that an order be entered granting the equitable relief requested in the amended complaint. The Report recommended that the "UPS. NET" domain name be transferred to the Plaintiff and that a permanent injunction be issued enjoining future use of the domain name or any confusingly similar names or marks.

On December 28, 2005, Maydak filed objections to the Report and renewed his motion to intervene. Maydak sought to vacate the entry of a default judgment and

requested a declaration that a "prospective injunction is not binding on [him]." Maydak alleged that he was "obviously" a person affiliated with The Net, and that any injunction against Maydak and his agents would violate due process because he was denied the ability to defend against the claims in the amended complaint. Maydak further argued that the Court lacked subject matter jurisdiction.

The Court construed Maydak's *pro se* motion to "renew" as a motion for reconsideration. In its April 17, 2006 Order and April 20, 2006 Amended Order, the Court denied the motion, finding that it was untimely filed because Maydak requested reconsideration of arguments that the Court had decided almost a year earlier. The Court further determined that Maydak's motion was without merit because he failed to assert that the Court overlooked factual matters or controlling precedent. Finally, the Court found that Maydak lacked standing because he is not a party to this case. The Court adopted the Report and ordered that the registration of the domain name be transferred to the Plaintiff.

On October 20, 2006, the Court denied Maydak's second motion for reconsideration, again reiterating Maydak's lack of standing. On November 17, 2006, Maydak filed a notice of appeal. On December 15, 2006, Maydak moved for leave to proceed in forma pauperis on appeal. Maydak argues that he is entitled to relief on appeal because the Court lacked jurisdiction and erred in refusing to permit him to intervene.

## II. DISCUSSION

█ Federal Rule of Appellate Procedure ("Fed. R.App.P.") 24 provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Pursuant to Fed. R.App. P. 24, the appealing party must attach an affidavit showing in detail the party's inability to pay and stating the issues for appeal. *Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.2002) ("Leave to proceed in forma pauperis may be granted 'in any suit, action or proceeding, civil or criminal, or appeal therein' to a litigant who 'submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefore' ") (citing 28 U.S.C. § 1915(a)(1)). Section 1915 provides instructions for proceeding in forma pauperis. "Although section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well." *Id; Weber v. Multimedia Entm't, Inc.*, No. 97 Civ. 0682, 2001 WL 669001, at *1, 2001 U.S. Dist. LEXIS 7866, at *2 (S.D.N.Y. June 14, 2001). "The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under § 1915." *Fridman*, 195 F.Supp.2d at 536.

> In *Fridman*, the Court determined that [i]n assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has ... If it appears that an applicant's access to court has not been blocked by his financial condition; rather [that] he is merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case, then a court properly exercises its discretion to deny the application.

*Fridman*, 195 F.Supp.2d at 537 (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F.Supp. 385, 388 (N.D.N.Y.1988)).

█ In support of his application to proceed on appeal in forma pauperis, Maydak has submitted a motion and supporting affidavit seemingly attesting to his inabili-

ty to pay the fees and costs associated with his appeal and detailing the issues he intends to raise on appeal. However, Maydak has not demonstrated "the degree of financial stringency necessary to justify relief." *Id.* (internal citations omitted).

Maydak affirms that he is self-employed and that in 2004, he earned $10,000 per month. He fails to include any information regarding his current or more recent earnings. He further affirms that he owns two houses. Although he states that the houses are worth $500 and $5000, the Court can only assume that those stated values are typographical errors. He further affirms that he owes $1,000,000 in federal taxes. Accordingly, pursuant to his income and property ownership, the Court finds that Maydak has sufficient resources to proceed without in forma pauperis status.

 Moreover, although Maydak claims that he has meritorious issues to raise on appeal, the Court has previously addressed Maydak's claims and determined that Maydak lacks standing. Although Maydak has complied with the requirements of Rule 24, an appeal may not be taken in forma pauperis "if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.1915(a)(3). Pursuant to section 1915(a)(3), the Court must inquire "into the merits of the appeal rather than the subjective good faith of the plaintiff." *Clay v. New York National Bank,* No. 99 Civ. 9857, 2001 WL 277299, at *1, 2001 U.S. Dist. LEXIS 3209, at *2 (S.D.N.Y. Mar. 21, 2001) (citing *Linden v. Harper and Row Pub.,* 490 F.Supp. 297, 300 (S.D.N.Y.1980)).

The Court finds that an appeal of this Court's order would be frivolous and lacking in good faith. The issues Maydak seeks to raise on appeal have been previously addressed by the Court. Moreover, as a non-party, Maydak lacks any right to appeal. *See Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Mkts.,* 847 F.2d 1038, 1043 (2d Cir.1988) (noting that only proper parties of record may appeal adverse judgments). Although "parties of record include those who have been permitted to intervene," Maydak's motion to intervene was denied by this Court on January 15, 2005. *Id.*

### III. *CONCLUSION*

Based on the foregoing reasons, it is hereby

**ORDERED,** that Maydak's motion for leave to proceed in forma pauperis on appeal is **DENIED.**

**SO ORDERED**