### Michael HODGE, Plaintiff

### v.

### MURPHY, Warden, Bonnie White, Director HSU, United State[s] Marshales [sic] Office, Providence, RI, Defendants.

### C.A. No. 11–202–L.

United States District Court,
D. Rhode Island.

Sept. 7, 2011.

---

Michael Hodge, Central Falls, RI, pro se.

## MEMORANDUM AND ORDER

RONALD R. LAGUEUX, Senior District Judge.

Before this Court is a Complaint (Doc. # 1) filed by Plaintiff Michael Hodge, *pro se*, an inmate at the Donald W. Wyatt Detention Facility (Wyatt), in Central Falls, Rhode Island, seeking declaratory and injunctive relief and damages. This Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and finds that it does not state a claim for which relief may be granted, for the reasons discussed below.[1]

---

1. Plaintiff has also filed an application to proceed *in forma pauperis* (Doc. # 2.)("IFP application"). In view of this Court's determination concerning the complaint, the IFP

## BACKGROUND

### I. *The Complaint*

The Complaint names as defendants two Wyatt officials: [Brian K.] Murphy, Warden, and Bonnie White, 'HSU Director,' and also names the Providence office of the United States Marshals Service (denominated as "United State[s] Marshales [sic] Office, Providence RI").[2]

In his complaint Plaintiff alleges that he receives daily medication for migraines and for pain resulting from a "fractured" lower back.[3] Cmpt., Sect. IV., Statement of Claim, at 3. He alleges that although medication is distributed three times daily, the Defendants have "missed giving me some doses of my medication" or have "run out of medication," or have mistakenly given his medication to another inmate. *Id.* at 3, 5. Plaintiff also alleges that Defendants are deficient in their record-keeping of medication distributed to inmates, either by failing to accurately record his doses or by recording doses that were not given. *Id.* For relief, Plaintiff seeks a Court order directing prison officials to give him his correct medication as well as unspecified monetary damages. *Id.*, Section V., Relief.

## DISCUSSION

### A. *Screening under § 1915(e)(2) and § 1915A*

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).[4] Similarly, § 1915A directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and to dismiss the complaint, or any portion thereof, for reasons identical to those set forth in § 1915(e)(2). 28 U.S.C. § 1915A(b).[5]

---

application will be denied as moot. *See infra* at 410.

**2.** This Court notes that although the United States Marshals Service is named as a defendant, the complaint does not allege any actions on the part of that Defendant, nor is the Marshals Service mentioned in the body of the complaint. Given the absence of any allegations against this defendant, the Marshals Service can be dismissed as a party defendant in this matter without further discussion. *See, e.g., Campbell v. Donald W. Wyatt Detention Center,* No. 08–368–S, 2008 WL 5232729 (D.R.I. Dec. 15, 2008) (Smith, J., adopting Report and Recommendation of Hagopian, J.)(dismissing complaint against defendant, where no facts are stated regarding that defendant); *Pandey v. Freedman,* 66 F.3d 306 at *3 (1st Cir.1995) (Table) (affirming dismissal of defendant named in caption of complaint where no allegations against defendant appeared in body of complaint).

**3.** Plaintiff does not specify the precise nature of his back injury or what his medication is. Given the allegations, this Court assumes that the medication in question is of the "over-the-counter" type that is not specific to one person, rather than a prescription.

**4.** 28 U.S.C. § 1915(e)(2) states:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
(A) the allegation of poverty is untrue; or
(B) the action or appeal—
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

**5.** Section 1915A(b) provides in full:

(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

 The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion. *See Fridman v. City of New York*, 195 F.Supp.2d 534 (S.D.N.Y.2002); *Pelumi v. Landry*, Dkt. No. 08–107, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008). In making this determination, the Court must accept Plaintiff's allegations as true and construe them in the light most favorable to Plaintiff. Although a court must review pleadings of a *pro se* Plaintiff liberally, *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotations omitted); Fed.R.Civ.P. 8(a)(2).

### B. Legal Standard for Relief

This Court has previously held that a *Bivens* action is not available against officials and employees at Wyatt, because such defendants are not federal agents, and relief is available under 42 U.S.C. § 1983 against those defendants as state actors. *See LaCedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 136–43 (D.R.I.2004).[6] Thus, the claims against the two Wyatt defendants, Murphy and White, shall be measured against the prerequisites for § 1983 relief.

 Section 1983 requires "three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action." *Sanchez v. Pereira–Castillo*, 590 F.3d 31, 41 (1st Cir.2009). *See also LaCedra*, 334 F.Supp.2d at 139 ("In order to establish a cause of action under section 1983, plaintiff must allege the violation of a right protected by the Constitution or laws of the United States and demonstrate that the defendant acted under color of state law.")(citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)).

 Moreover, a Plaintiff must alleges facts "sufficient ... to show that he has a plausible entitlement to relief." *Iqbal*, 129 S.Ct. at 1949.

### C. Review of Claims

 Given Plaintiff's status as a pretrial detainee,[7] this Court construes the claims in his complaint as arising under the Due Process clause of the Fourteenth Amendment. The parameters of Plaintiff's rights

---

28 U.S.C. § 1915A(b)

**6.** In *LaCedra*, this Court noted that because the Wyatt facility and its operator, Cornell Corrections, Inc. (and its subsidiary Cornell Corrections of Rhode Island), were created under Rhode Island law, employees at Wyatt were acting under state law in connection with prison administrative and correctional duties at that facility. 334 F.Supp.2d at 140–41. This Court further noted that under the U.S. Supreme Court's decision in *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001), a *Bivens* remedy should not be extended to employees of a private corporation operating a prison facility, where other means of relief were available. *Id.* at 138–39.

**7.** Although Plaintiff does not specify, it appears from court records that at all relevant times he was being held as a pretrial detainee at Wyatt in connection with criminal charges pending in this Court. *See United States v. Hodge*, CR 10–130–S. The docket for that matter shows that Plaintiff pled guilty to those charges and was sentenced to 90 months imprisonment and ordered to make restitution in the amount of $2,000. *See id.*, Judgment at 2, 5.

under the Due Process clause "are coextensive with the Eighth Amendment's prohibition against cruel and unusual punishment." *Surprenant v. Rivas*, 424 F.3d 5, 18 (1st Cir.2005) (citing *Burrell v. Hampshire County*, 307 F.3d 1, 7 (1st Cir.2002)).

■■■ The Eighth Amendment prohibits prison officials from deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Determining whether a prison official acted in violation of such prohibition requires both an objective and subjective inquiry. *Id.* at 827, 114 S.Ct. 1970; *Surprenant*, 424 F.3d at 18. First, the prisoner's medical need must be objectively serious, involving a substantial risk of serious harm if not properly treated; second, the prison official must have had subjective awareness of the inmate's need and consciously disregarded a substantial risk of serious harm. *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. This standard has "been likened to the standard for determining criminal recklessness." *Giroux v. Somerset County*, 178 F.3d 28, 32 (1st Cir.1999).

■■■ However, " 'not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' ... A mere accident or even negligence is insufficient." *Kosilek v. Maloney*, 221 F.Supp.2d 156, 178 (D.Mass.2002) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). *See Seale v. Riordan*, 2000 WL 1466135 at *3 (D.N.H. Jan. 19, 2000) ("... inadvertent failures to provide medical care, even if negligent, do not sink to the level of deliberate indifference").

■■■ Here, although Plaintiff alleges that he has back pain as a result of not receiving all of his medications, he has not alleged that he was harmed to a degree that would constitute cruel and unusual punishment or otherwise warrant recovery. *See Morgan v. Dallas County Sheriff Dept.*, 2005 WL 57282 at *2 (N.D.Tex. Jan. 31, 2011) (allegation that Plaintiff suffered "undue pain ... on a regular basis" as a result of not receiving medication held insufficient to establish physical injury required for recovery under the PLRA, 42 U.S.C. § 1997e(e)). Nor does he allege that his pain was so obvious as to need medical attention. *See Mahan v. Plymouth County House of Corrections*, 64 F.3d 14, 18 (1st Cir.1995) ("A 'serious medical need' is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.") (internal quotations omitted).

Moreover, Plaintiff does not allege that prison officials deliberately withheld medications from him or that they were aware of any increased back pain he suffered as a result of the missed doses. At most, the allegations amount to a claim that the Defendants were negligent in failing to provide him his medication on certain days and/or in mistakenly misdirecting his medication to another inmate. This does not amount to "deliberate indifference" so as to be actionable. *See id.* ("Absent evidence of subjective awareness, there could be no 'deliberate indifference' to [Plaintiff's] serious medical need.") (citing *Farmer*, 511 U.S. at 841–42, 114 S.Ct. 1970). *See also Seale*, 2000 WL 1466135 at *4 (no recovery absent evidence that nurses intended to cause inmate pain or ill effects from lack of medicine).

Plaintiff's allegations concerning deficient record-keeping on the part of Defendants are likewise insufficient to state a claim. While federal courts have recognized that inadequate, inaccurate, and unprofessionally maintained medical records can create "a grave risk of unnecessary

pain and suffering in violation of the Eighth Amendment," *Beene v. Rasseki,* 2010 WL 2196597 at *7 (M.D.Tenn. May 27,2010) (citing *Ginest v. Board of County Comm'rs of Carbon County,* 333 F.Supp.2d 1190, 1200 (D.Wyo.2004)), such violations "are typically reserved for claims alleging systematic inadequacies in a jail's or prison's systems of medical record keeping." *Id.* (quoting *Davis v. Caruso,* 2009 WL 878193, at *2 (E.D.Mich. Mar. 30, 2009)).

Here, even recognizing that accurate records would unquestionably assist prison officials in providing Plaintiff with his medications, Plaintiff has not alleged sufficient harm as a result of Defendants' errors in distributing his medicine, nor has he alleged that they have refused to provide him his medicine on request.

In short, Plaintiff's complaint fails to assert any constitutional claims entitling him to relief in this Court, under the Due Process clause, the Eighth Amendment or otherwise.

## CONCLUSION

In view of the foregoing considerations, this Court finds that none of the allegations in the complaint state a claim on which relief may be granted. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the complaint is hereby DISMISSED as against all Defendants.

Plaintiff's IFP Application is DENIED as moot.

IT IS SO ORDERED.